C. C. BOYD ET AL. V. W. K. HAYNIE.

No. 3209.

**Statutory Assignment—Preference of Creditors.**—An assignment by an insolvent debtor transferred all his property not exempt from execution to a trustee for the purpose of converting it into money and of distributing the proceeds among his creditors. It was accompanied by a list of his debts, and was duly acknowledged. However, it provided for preference of certain creditors, and that others in order to participate in the benefits should execute releases. Creditors attached the property in hands of the assignee, who sued for and obtained judgment for its value. On appeal, *held:*

1. That the provision in the deed of assignment exacting releases was in effect an attempt to give preference to those not so required, and by the statute such indirect preference, as well as the express preference in the assignment, was annulled. Sayles' Civ. Stats., art. 65a.

2. Such attempted preference did not annul the assignment, and it was properly sustained.

APPEAL from Washington. Tried below before Hon. C. C. GARRETT. The opinion states the case.

*McLemore & Campbell,* for appellants.—The demurrer to the petition should have been sustained. The instrument on its face showed that it was not made for benefit of all the creditors, and was for the purpose of hindering and delaying creditors. Carlton v. Baldwin, 22 Texas, 724; Baldwin v. Peet, 22 Texas, 708; Wakeman v. Grover, 4 Paige, 23; Grover v. Wakeman, 11 Wend., 187; Johnson v. Thweat, 18 Ala., 741, 744; Burr. on Assign., sec. 343; Hudson v. Eisenmayer, 79 Texas, 401; Hall v. Harris, 11 Texas, 303; Perry on Trusts, secs. 873, 885; Burr. on Assign., sec. 354.

A lawful assignment made by an insolvent debtor will be held and construed (in Texas) to be a statutory assignment, because the statute is so written and has been construed repeatedly; but no conveyance void on its face as against creditors, by reason of the deed being made for the purpose to hinder, delay, and fraud against creditors, will be held to be a statutory assignment or a lawful assignment to be admin-

istered under the Texas statutes, merely because the maker of the conveyance was insolvent at the date of its execution. The statute against fraudulent conveyances is still in force and unrepealed by implication or otherwise. Rev. Stats., art. 2465; Scott v. McDaniel, 67 Texas, 316, 317; Watterman v. Silberberg, 67 Texas, 103; La Belle, etc., v. Tidball, 59 Texas, 292; Stiles v. Hill, 62 Texas, 430; Jackson v. Harby, 65 Texas, 713; Johnson v. Robinson, 68 Texas, 399; McIlhenny v. Miller, 68 Texas, 356; Donoho v. Fish Bros., 58 Texas, 167; Shoe Co. v. Ferrell 68 Texas, 638; 74 Texas, 559; 77 Texas, 621.

*Bassett, Seay & Muse* and *Ben. S. Rogers*, for appellee.—The instrument being an assignment made by an insolvent, embracing his entire nonexempt property and naming all his creditors, the intent of the assignor and assignee is immaterial. The statute determines the effect of the instrument, "however made or expressed." Sayles' Civ. Stats., arts. 65a, 65f; Fant v. Elsbury, 68 Texas, 1, 6–9; McIlhenny Co. v. Miller, 68 Texas, 356, 358, 359; McCart v. Maddox, 68 Texas, 456, 459, 460; Blum v. Welborne, 58 Texas, 157, 161–164; Moody v. Carroll, 71 Texas, 143, 145–148.

GAINES, ASSOCIATE JUSTICE.—On the 25th day of October, 1890, R. P. Buckingham conveyed to appellee a certain stock of merchandise for the benefit of his creditors. Certain of the creditors brought suit against Buckingham and caused attachments to issue and the goods to be seized and sold thereunder. Appellee brought this suit against the constable who levied the writ and the sureties on his official bond, as well as against the creditors who caused the attachments to issue, to recover damages for the seizure and sale of the property. The plaintiff having recovered a judgment, the defendants appeal.

The sole question in the case is whether or not the conveyance of the property should be upheld as a statutory assignment. It was proved on the trial that Buckingham was insolvent. That it is an assignment, and not a mortgage, we have no doubt. Johnson v. Robinson, 68 Texas, 399. It contains neither expressly nor impliedly any condition of defeasance, and was evidently intended to pass the entire title to the property to Haynie, for the purpose of converting it into money and of distributing the proceeds among the creditors of the maker of the instrument. It was not intended to give a mere lien.

But although an assignment, it is not strictly such as is required by the statute of March 24, 1879, which regulates assignments by insolvent debtors in this State, and the subsequent acts amendatory thereof. Sayles' Civ. Stats., art. 65a, et seq. It was properly acknowledged; but it gave a preference to certain of the assignor's creditors by name, and as to the postponed creditors exacted releases as a condition of their taking under it. No inventory accompanied the instrument; but

although the statute directs that the debtor shall annex an inventory to the conveyance, it also expressly declares that the failure to do so shall not avoid the assignment. Sayles' Civ. Stats., arts. 65b, 65k. We come, then, to the question whether the provisions of the instrument which prefer certain creditors and exact releases of those who are postponed avoid the assignment; or whether the statute provides for the case and merely annuls these obnoxious provisions and makes the conveyance otherwise valid.

The first section of the act declares, in substance, that every assignment by an insolvent debtor for the benefit of his creditors shall provide for a distribution of all his real and personal estate not exempt from forced sale among all his creditors, and that "however made or expressed shall have the effect aforesaid." Sayles' Civ. Stats., art 65a. The last section provides, that "any attempted preference of any creditor or creditors of such assignor shall be deemed fraudulent and without effect." Sayles' Civ. Stats., art. 65s. The provision in the conveyance in question which attempts to provide that certain creditors shall be first paid presents no difficulty. It is clearly a preference within the meaning of the act. It is void, but does not make void the assignment. The statute was clearly intended to operate upon an assignment containing such a provision, and to uphold it as a statutory conveyance of the debtor's property for the benefit of his creditors and for a distribution of its proceeds among all of them in proportion to their respective demands. A direct declaration to that effect would not have made the purpose more evident.

But that provision of the instrument which exacts releases of the creditors who are attempted to be postponed presents a question of more difficulty. The third section of the act declares, that "any debtor desiring to do so may make an assignment for the benefit of such of his creditors only as will consent to accept their proportionate share of his estate and discharge him from their respective claims," etc. Sayles' Civ. Stats., art. 65c. But the spirit of the act repels the presumption that it was intended that he should be permitted to exact releases of some and not of all. It was clearly the purpose of the Legislature to place all the creditors of the assignor upon the same footing. We think, therefore, that while the third section of the act gives the assignor the right to exact releases of all his creditors alike as a condition for participating in the proceeds of the assigned estate, it does not permit him to require a discharge of some and to exempt others from that condition. So much of the deed of assignment, therefore, as stipulates that certain of the creditors shall take under the assignment only on condition that they shall assent to take their proportionate share of the estate and discharge the assignor from their respective claims can not be given effect, and unless such provision is made void by the statute, we are of opinion that the assignment should be de-

clared void. If the provision under consideration be a preference within the meaning of the last section of the act, then it is of no effect. As we have already said, that provision which attempts to secure the payment of certain debts in full before the other creditors shall be allowed to participate in the proceeds of the assigned estate is void, and the conveyance stands just as it would have stood if that provision had not been inserted. We are then to construe the instrument as if it were in all respects valid, except that it contains a stipulation that some of the creditors may take unconditionally, while others are required to discharge the assignor as a condition of their taking their share of the estate. It imposes an onerous condition upon the latter from which the former are relieved, and we are of opinion that it is a preference of the first class of creditors within the meaning of the statute.

It may be that the word "preference" is usually applied to cases where an insolvent debtor has paid or unconditionally provided for the payment of one or more creditors and for the postponement of others; but it does not follow that this is the only mode by which creditors may be preferred. Mr. Burrill says: "Again, preference may be given absolutely, as by directing certain named creditors to be first paid at all events; or *upon condition*, as by preferring such creditors as shall comply with certain requisitions named in the assignment." Burr. on Assign., sec. 142. Where, in an assignment, some of the creditors are required to release the debtor and others are not, the latter are preferred not only to such of the former as may decline to accept, but are also given an advantage over such of the former as do accept. The one class of creditors is to receive its respective shares of the estate and still hold a valid obligation against the debtor for any balance that may remain due upon their respective claims; the others, it is true, if they accept, get their equitable share of the estate, but lose the balance of their respective demands. The former have clearly the advantage in the transaction, and in our opinion that advantage is to be deemed a preference.

It follows that, in our opinion, not only that provision in the deed of assignment which stipulates that certain of the creditors shall be first paid, but also that which exacts releases of the others, are made void by the statute and should be treated as of no effect. The instrument being unquestionably valid in other respects, is, as we think, a good statutory assignment, and passed the legal title to the property to the plaintiff in the court below.

What we have said applies only to assignments made by insolvent debtors or those contemplating insolvency; but it was indisputably proved on the trial in this case that the assignor was insolvent; that the property conveyed was all the property owned by him not exempt from forced sale; and that the deed named all the creditors of the as-

signor. Therefore, upon the written evidence and the uncontroverted testimony, the plaintiff was entitled to a verdict, and the court did not err in so charging the jury.

There are several assignments of error, but they present no other question which we deem it necessary to consider.

We think it proper to add, that the effect of our ruling is to hold that the assignment in question is subject to the provisions of the statute which regulates assignments by insolvent debtors; that the assigned estate should be administered under these provisions, and its proceeds distributed ratably among all the creditors who comply with the requirements of the act.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered January 15, 1892.