HAMILTON–BROWN SHOE COMPANY v. JOHN T. MAYO.

No. 878.

1.  **Deed of Trust—Assent of Creditors.**—The assent of the creditors named in a deed of trust is essential in order for it to operate as a lien upon the property. Until such assent, other creditors are not affected by the instrument.

2.  **Same—Accepting Creditors.**—The instrument, although it may fail as to the nonaccepting creditors, will be enforced as to those who have accepted its terms; and their claims have precedence over attaching creditors seizing the goods after the assignment.

3.  **Trustee May Sue.**—A trustee in possession of property under a deed of trust for benefit of creditors may sue for the conversion of such property, or its value.

4.  **Pleading Usury.**—In pleading usury, the facts constituting the usury must be set out and the plea verified by affidavit.

5.  **Assignment—Form of.**—If the instrument was intended as a general assignment, it would not be invalid for the reason that it failed in terms to convey the individual property of the members of the firm executing it, if in fact they owned none.

6.  **Usury in Preferred Claim.**—Where usurious interest entered into a claim preferred in a deed of trust, other creditors may attack such usury, and to that extent defeat the preference.

7.  **Practice—Parol Evidence.**—A creditor not a party to a deed of trust (or assignment), by proper pleading raising the issue, may introduce parol testimony as to the intent of the debtor in making the instrument, to determine whether it is an assignment or deed of trust.

APPEAL from Brown. Tried below before Hon. W. J. WINGATE.

*Wilkinson & Rice*, for appellant.—1. To constitute a valid mortgage, there must be an acceptance by the mortgagee. Without this there is no mortgage, but only a proposition to make one. A mortgage executed by a debtor to his creditor without the knowledge of the latter, and without authority from him, and delivered to a party not authorized by him to receive or accept it, has no validity at the time of such delivery, as between him and a creditor of the mortgagor who has acquired an interest in it by attachment between the time of such delivery and the mortgagee's acceptance of the mortgage after receiving notice of it. Jones on Chat. Mort., secs. 104, 108; Tuttle v. Turner, 28 Texas, 760–777; Wallis, Landes & Co. v. Taylor, 67 Texas, 431–434; Bank v. Morse, Wilson & Co., 73 Iowa, 174; Shirley v. Burch, 16 Ore., 83; Schafer v. Reilly, 50 N. Y., 61; Goodsell v. Stinson, 7 Blackf. (Ind.), 437; Woodberry v. Fisher, 20 Ind., 387; Bell v. Bank, 11 Bush, 34.

2. Under proper pleadings parol evidence is admissible to show the intention of the parties as to whether an instrument is an assignment or a mortgage. A deed absolute in form may be conditional and defeasible in fact, while an instrument with formal defeasance may be intended to be, and may operate as, an unqualified conveyance. In such cases the courts are not bound by the language of the instrument, but will construe and give effect to the same, in converting the instrument

into an assignment or mortgage, as the case may be, in the light of the circumstances under which it was made. Whether an apparent mortgage is an assignment, or an apparent assignment a mortgage, is a question to be determined, if the pleading authorize it, not from the language of the instrument alone, but from such language in connection with all the circumstances under which the instrument was made. Howerton v. Holt, 23 Texas, 59; Johnson v. Robinson, 68 Texas, 399; Hudson v. Milling Co., 79 Texas, 406, 407; Bank v. Bank, 136 U. S., 229; Richmond v. Mississippi Mills (Ark.), 11 S. W. Rep., 962; Box v. Goodbar (Ark.), 14 S. W. Rep., 925; Fecheimer v. Robinson (Ark.), 13 S. W. Rep., 423, 424; Robson v. Tomlinson (Ark.), 15 S. W. Rep., 456; Hagardine v. Henderson (Mo.), 11 S. W. Rep., 221; Kahn v. Clement (Iowa), 12 N. W. Rep., 550; Winner v. Hoyt (Wis.), 28 N. W. Rep., 383; Hat Co. v. Malcolm, 10 U. S., 232–253.

3. The court erred in sustaining plaintiff's third special exception to the first amended original answer of the defendant, Hamilton-Brown Shoe Company, and in holding that said defendant could not question the validity of this conveyance to the City National Bank of Brownwood, Texas, to the extent that the same was made for the purpose of paying usurious interest. Maloney v. Eaheart, 81 Texas, 281; Pratt v. Adams, 7 Paige (N. Y.), 615, 617, 641; Beach v. Bank, 3 Wend., 584; Bank v. Bell, 14 Ohio St., 200; Building Assn. v. Willson, 41 Md., 506.

*Jenkins & McCartney* and *John W. Goodwin,* for appellee.—1. When a deed of trust on goods and merchandise has been made for the purpose of paying certain enumerated debts, and the trustee accepts the trust and takes actual possession of the property so conveyed to him, such acceptance is in law the acceptance of the beneficiaries named in the deed of trust, their assent being presumed. Wallis v. Taylor, 67 Texas, 434; Bank v. Huth, 4 B. Mon., 437; Bank v. Lewis, 8 Pick., 119, 120; Reinhard v. Bank, 6 B. Mon., 254; Stewart v. Hall, 3 B. Mon., 220.

2. The assent of a creditor to a deed of trust executed in good faith, of which he is the beneficiary, will be presumed, although it was executed and filed without notice to him and without such knowledge, and his subsequent acceptance will relate to the day of filing; a trust and an equitable lien on the property conveyed being created in his favor. Bank v. Ridenour (Kan.), 27 Pac. Rep., 153; Furman v. Fisher, 4 Coldw., 620; Jaffray v. Greenbaum (Iowa), 20 N. W. Rep., 777; Commonwealth v. Cutler (Mass.), 26 N. E. Rep., 855; Plant v. Storey (Ind.), 30 N. E. Rep., 887; Eastman v. Foster, 8 Metc. (Mass.), 19; Perry on Trusts, sec. 293.

3. The law grants to every one alike the right to prefer creditors in good faith, and this right and privilege extends to any debtor, though he be hopelessly insolvent; and his knowledge at the time that such preference will prevent his other creditor from being paid, in nowise abridges this right. Hudson v. Milling Co., 79 Texas, 407; Allen v.

Carpenter, 66 Texas, 139; Lewy v. Fischl, 65 Texas, 311; Ellis v. Valentine, 65 Texas, 532; Elser v. Graber, 69 Texas, 225; Smith v. Whitfield, 67 Texas, 124; Greenleve v. Blum, 59 Texas, 124; Edwards v. Dickson, 66 Texas, 614; Frazer v. Thatcher, 49 Texas, 30; Edrington v. Rogers, 15 Texas, 195; Clarke v. White, 12 Pet. (U. S.), 178; Tompkins v. Wheeler, 16 Pet. (U. S.), 106; Nostrand v. Atwood, 19 Pick. (Mass.), 284.

4. The court did not err in sustaining appellee's third special exception to appellant's first amended original answer, for the reason that said answer was not verified as required by law; and, further, because said answer did not set out the terms of the alleged usurious contract, nor the amount of the usurious interest alleged to exist. Sayles' Civ. Stats., art. 2981; Id., art. 1265, subdiv. 12; Cherryhomes v. Carter, 66 Texas, 166; Martin-Brown Co. v. Perrill, 77 Texas, 200; Cheney v. Dunlap (Neb.), 43 N. W. Rep., 178; Taylor v. Morris, 22 N. J. Eq., 611; Clarke v. Hastings, 9 Gray, 64; Cloyes v. Thayer, 3 Hill, 566; Vroom v. Ditneas, 4 Paige, 526; Gould v. Horner, 12 Barb., 603; Foard v. Grinter (Ky.). 18 S. W. Rep., 1036.

FISHER, CHIEF JUSTICE.—This suit was brought by appellee, John T. Mayo, November 16, 1891, against W. Y. Pearce and the sureties on his official bond. and appellant. Appellee alleges, in substance, that on the 25th day of August, 1891, E. G. Brewer and G. G. Peterman, composing the firm of Brewer & Peterman, made, executed, and delivered to him a deed of trust, by which they conveyed to him all their stock of goods. wares, and merchandise, and all notes and accounts of said firm, in trust, for the purpose of satisfying their creditors in the order named in said instrument. That, on the day of the date of said instrument, he accepted said trust and took actual possession of the property therein conveyed, and was proceeding to execute said trust, when said sheriff, acting under a writ of attachment issued out of the District Court of Brown County, at the instance of appellant, in a certain cause wherein appellant was plaintiff and said Brewer & Peterman were defendants, levied upon, seized, and took possession of a portion of said goods. wares, and merchandise, of the value of $1631.23.

On May 3, 1892, appellant filed its first amended original answer, in which among other things it pleaded:

1. That said deed of trust was fraudulent and void as to appellant, in that a very large portion of the indebtedness claimed therein to be owing the City National Bank of Brownwood, and for which said deed of trust provided payment, was for usurious interest.

2. That at the time of appellant's levy none of the parties named as creditors or beneficiaries in said deed had ever adopted or ratified same, or accepted its provisions; that none of said creditors or beneficiaries had ever been consulted or their acquiescence sought as to the making of said deed of trust in their favor at the time or before same

was executed, or before said levy was made, and that they had no knowledge of its existence, or of any intention to make it, at the time of its execution, for which reason said levy operated to give a prior lien on the goods seized by virtue thereof over any attempted to be given by said deed of trust.

3. That, at the time of the execution of said instrument, the said Brewer & Peterman were heavily indebted and insolvent; that their indebtedness was greatly in excess of all their estate, both individual and partnership; that the property attempted to be conveyed by said instrument was all the property owned by said firm of Brewer & Peterman subject to execution under the laws of this State; that, although said instrument provides, in substance, that any surplus remaining after satisfying the beneficiaries named therein should be returned to said Brewer & Peterman, the indebtedness mentioned therein was so greatly in excess of the value of the property attempted to be conveyed thereby, that it was not contemplated or intended by said Brewer & Peterman at the time of its execution that any surplus would remain after satisfying said beneficiaries, nor did they ever intend to assert their equity of redemption; but that it was intended and contemplated by them, at said time, that said property should pass absolutely and unconditionally, for which said reasons said instrument was intended to operate as a general assignment of all the property of said Brewer & Peterman, and E. G. Brewer and G. G. Peterman, and providing, as it does, in terms for the conveyance of only a part of said property, to wit, the partnership and not the individual property of the grantors; and, not being otherwise executed according to law, is wholly void and inoperative under the laws of this State.

The appellee, by supplemental petition, excepted to the sufficiency of appellant's answer, for the reasons stated in appellant's first, second, and fourth assignments of error, all of which exceptions the court sustained, to which appellant excepted.

A trial on May 4, 1892, resulted in a verdict for appellee for $1500.

The court erred in sustaining the demurrer to that part of the answer that alleged that the creditors named and preferred in the deed of trust had not accepted the benefits of that instrument prior to the levy made by appellant. In the recent case of Milling Company v. Eaton, Guinan & Co., 86 Texas, 402, it is held, that the assent of the creditors named in the deed of trust is essential in order for it to operate as a valid lien upon the property of the debtor, and until this is done, other creditors are not affected by the instrument. For the error of the trial court in this respect, the judgment is reversed and the cause remanded.

Notwithstanding the ruling of the court in sustaining the demurrer to the answer, it seems evidence was heard tending to show that some of the creditors named in the instrument had not accepted its terms before the levy made by appellant; and there was also evidence showing that some had accepted prior to that time. If the evidence as to the value

of the property conveyed by the deed of trust had shown that it was not of more value than sufficient to satisfy the claims of those creditors who had accepted prior to appellant's levy, we would not disturb the judgment of the lower court, as the ruling of the court upon the demurrer just discussed would be harmless. But the evidence in this respect is unsatisfactory, as we can not tell from the record with certainty what that value is.

In this connection the appellant contends, that as to the amount of those claims of the preferred creditors who had not accepted the benefits of the deed of trust prior to their levy, they, by virtue of their levy, are entitled to the fund such creditors would have received, to the exclusion of accepting creditors named in the instrument, after the creditors who have failed to accept; in other words, that the fund that should have gone to those nonaccepting creditors is subject to appellant's claim in preference to the claims of consenting creditors who stand listed in the instrument as preferred creditors after those who have not consented.

We can not agree with the appellant in this contention. The entire property mentioned in the instrument was conveyed to the trustee as a fund to secure the payment of all of the creditors preferred and named. The instrument, although it may fail as to the nonaccepting creditors, will be enforced as to those who have accepted its terms, and their claims are entitled to be paid in preference to the claims of creditors who are not named in the instrument. The appellant was not a party to the deed of trust, and it acquired no prior right by virtue of the levy of the writ of attachment to those creditors who were preferred by the terms of the deed of trust, and who had accepted its benefits before the levy.

The appellant insists that the appellee, as trustee named in the deed of trust, can not maintain this action for the value of the property levied upon and seized by the appellant.

The appellee does not stand in the attitude of a naked mortgagee, but of a mortgagee or trustee in possession. The property when seized by appellant was in his possession as a trust fund by virtue of the terms of the instrument in question. Under such circumstances, he may maintain an action to recover the property or its value. Willis v. Satterfield, 20 S. W. Rep., 155; Schmick v. Bateman, 77 Texas, 326.

The plea presenting the question of usury was not sufficient. The facts constituting the usury were not set out or averred, nor was the plea verified, as required by the statute. Sayles' Civ. Stats., art. 1263.

There was no error in sustaining the demurrer to that part of the answer that averred that the deed of trust was intended as a general assignment, and that as such it was invalid, as it did not provide for a transfer of the individual property of members of the firm of Brewer & Peterman. The answer in this respect did not state that the members of the firm had or owned any other property than that transferred by the instrument. This should have been averred. If, as a fact, the

instrument was intended as a general assignment, and should be so construed, it would not be invalid for the reason that it failed in terms to convey the individual property of the members of the firm, if in fact they owned none.

As we have reversed and remanded the case for another trial, and in view of the fact that the defects in the appellant's pleading pointed out may be remedied, and owing to the fact that the issues suggested by the pleading are presented and discussed in the briefs of both parties, we think it best to indicate our opinion of the law upon the questions, so that if they arise again they may be determined in accord with the views here expressed.

The defense of usury is generally regarded as a personal privilege lodged in the defendant who is liable for the debt; but this general rule is subject to exceptions, and this case may fall within one. By force of the laws of this State, usury is in effect declared to be illegal (Maloney v. Eaheart, 81 Texas, 281), and when a liability of this character is sought against the property of an insolvent debtor, it seems in keeping with fair dealing and justice that he should not be permitted to devote his assets to the payment of usurious interest—an illegal charge—to the exclusion of the satisfaction and payment of the legal and just claims of other creditors who have an interest in the assets and property of the debtor, either by virtue of an assignment or of a lien in their favor by either contract or operation of law. A creditor with a just debt, who has an interest in the property of the insolvent debtor, has the right to demand that it shall only be applied to the payment of legal and just obligations of the debtor; otherwise the appropriation of it to illegal debts and claims of other creditors would in effect be a fraud upon his rights and deprive him of the payment of his claim. An application of property by an insolvent debtor to the payment of a fictitious debt is clearly a fraud upon creditors whose just claims are unsatisfied, and the appropriation by the insolvent debtor of his property to the payment of illegal debts ought, as to unpaid creditors, stand upon the same footing; one transaction is as much a fraud and wrong as the other. The fact that the complaining creditor acquires his lien subsequent to that that secures the debt for usurious interest, does not affect his right to insist that the usurious debt and lien therefor should not be a charge against the incumbered property. This, in effect, was held in the case of Maloney v. Eaheart, 81 Texas, 281.

There is no rule of equity or law that will deny the right of a debtor to voluntarily apply his property to the liquidation of an illegal demand, provided the rights of others interested in the property are not affected; but when this is attempted by an insolvent debtor, to the prejudice of his bona fide creditors, it presents a case in which justice demands that the satisfaction of the illegal claim shall stand postponed to await the satisfaction of those demands that are just. Therefore, we

think the appellant has such an interest in the property of the insolvent debtors as would entitle them to urge the defense of usury.

If the plea presenting the issue that the instrument in question, although in form a deed of trust, was in fact intended as a general assignment, had been sufficient, we think parol evidence would, as between the parties to this suit, have been admissible, in order to determine the meaning and effect to be given to the instrument. The appellant was not a contracting party to the deed of trust, and was a stranger to it. Therefore, the rule of law that prohibits parties to written contracts, unambiguous in expression, from denying or contradicting their legal effect by parol evidence, can not be invoked in order to deny the appellant the privilege and right to show the true effect and meaning of the contract and the intention of the parties to it. Hughes v. Sandal, 25 Texas, 162.

If the instrument could be shown to be a general assignment by insolvent debtors, it would be valid only in the event it conveyed the property of the individual members of the firm—provided there was such property subject to execution—as well as the property of the firm. Donoho v. Fish Bros. & Co., 58 Texas, 166; Still v. Focke & Wilkens, 66 Texas, 722; Coffin v. Douglass, 61 Texas, 407; Focke et al. v. Blum, 82 Texas, 440. These cases were where releases were required from the accepting creditors; but the expressions used in the opinions in the cases cited, and the reasoning employed in their deliverance, justify the ruling that we make.

The case at bar is distinguishable from McIlhenny Co. v. Miller, 68 Texas, 358. In that case the statute regulating assignments was construed as transferring to the assignee all the property of the assignor, whether it was mentioned or included in the instrument or not. When one makes an assignment under the statute, it is held to be a transfer of all of his property, whether specified or not. But this case is different. The individual property of the members of the firm is not the property of the firm, and a conveyance by a copartnership of its property can not be held to be a conveyance of the individual property of the members of the firm. It was not the purpose of the statute to say that a deed of assignment by one shall operate as a conveyance of property owned by another.

Partial assignments may be permitted by solvent debtors. But in this case, under the averments of the answer, the makers of the instrument were, as a firm and as individuals, insolvent, and such being the case, they are only permitted to execute a general assignment under the statute regulating assignments. Fant v. Elsbury, 68 Texas, 3; Boyd v. Haynie, 83 Texas, 9; Foreman v. Burnette, 83 Texas, 402.

*Reversed and remanded.*

Delivered September 26, 1894.