## R. E. WHITE ET AL. V. FRED STERZING, TRUSTEE.

### No. 1361.

**1. Trust Deed—Acceptance by Creditors.**

It is not necessary for all the creditors secured by trust deed to accept under it in order to render the deed operative; acceptance by any such creditor being sufficient to give it effect.

**2. Same—Right of Attaching Creditor to Claim Under.**

The creditors secured by a trust deed who refused to accept under its terms, and attach and convert the property, are not entitled, in an action by the trustee for such conversion, to assert any right under the deed, or to justify their taking to the extent of the interest intended by the grantor to be vested in the trustee for them.

**3. Same—Conversion—Measure of Damages—Market Value.**

In an action for conversion brought by the trustee against certain creditors secured by the trust deed who had refused to accept under its terms, and had taken the property by attachment, the evidence did not show the exact amount due to the secured creditors who had accepted prior to the attachments, nor whether there were any unpaid expenses. Held, that the court correctly charged that the market value of the property was the measure of damages.

**4. Same—Fraudulent Intent of Grantor.**

If any creditor secured by a trust deed accepts its terms without knowledge of or participation in an intent of the grantor to thereby defraud other creditors, the deed becomes effective, regardless of such intent.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERT-SON.

*John R. Shook, J. L. Peeler* and *Walton & Hill,* for appellants.

*D. W. Doom,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee, Fred Sterzing, brought this suit against R. E. White, sheriff of Travis County, and the sureties on his official bond, and Hartley & Graham and the Winchester Repeating Arms Co., and the sureties on indemnity bonds given by them, to recover the value of certain personal property, consisting in the main of a stock of merchandise. The plaintiff pleaded his title from one J. C. Petmecky, under a deed of trust executed to plaintiff, as trustee, to secure certain creditors of said Petmecky, and alleged that, by taking the property under certain attachments issued at the instance of Hartley & Graham and the Winchester Repeating Arms Co., the defendant White had converted it.

The defendants denied that the plaintiff had any title to the property, averring that the chattel mortgage under which he claimed was ineffectual because all the secured creditors had not accepted its terms, and that it was void because executed for the purpose of defrauding Petmecky's creditors, and especially Hartley & Graham and the Winchester Repeating Arms Co. A verdict and judgment were rendered for the plaintiff.

The evidence shows that J. C. Petmecky was a merchant in Austin, Texas; that on the 30th day of December, 1893, he was insolvent; that on said day he executed a deed of trust conveying to Fred Sterzing, as trustee, his entire stock of merchandise to secure certain designated debts owing by said Petmecky; among other creditors so secured were Hartley & Graham and the Winchester Repeating Arms Co., but some other creditors were given preference in said trust deed over them. Neither of said creditors accepted under the mortgage; and on March 31, 1894, they sued out attachments in the District Court of Travis County against J. C. Petmecky and caused White, the sheriff, to levy the same on the property in controversy, which was all the stock of merchandise conveyed to Sterzing by the chattel mortgage or trust hereinbefore referred to, except about $2000 worth which said Sterzing had sold in due course of retail trade. Before the issuance and levy of said attachments, some other secured creditors, including all who were given preference over Hartley & Graham and the Winchester Repeating Arms Co., and some who were not given such preference, and Sterzing, the trustee, had accepted the terms of the trust deed or mortgage. The

two attaching creditors obtained judgment against Petmecky, foreclosed their attachment liens and caused the property to be sold by the sheriff under said judgments, at which sale the Winchester Repeating Arms Co. became the purchaser, and the net proceeds of the sale were applied on the judgments under which the property was sold. At the time the attachments were levied, and when this case was tried, only about $2243 had been paid on the claims of accepting creditors, leaving several thousand dollars owing to such creditors. The plaintiff proved his averments as to the defendant White being sheriff, other defendants being sureties on his bond, and others being sureties on indemnity bonds.

*Opinion.* –1. In our opinion, it was not necessary for all the secured creditors to accept under the trust deed, to render that instrument operative.

It is true it was made for the benefit of several creditors, but the right of any particular creditor to obtain its benefits was not dependent upon the conduct or wish of any other creditor. Each could accept for himself, without reference to the others, and when he did so, the instrument became, as between him and Petmecky, a binding contract; and the trustee having also accepted, the latter's title and right to possession and to sue for and recover the value of the property when converted, was just as complete as if every creditor had accepted. Martin-Brown Shoe Co. v. Mayo, 27 S. W. Rep., 781; Martin-Brown Co. v. Henderson, 28 S. W. Rep., 695; Tittle v. Vanleer, 29 S. W. Rep., 1065; Willis v. Thompson, 85 Texas, 301. The instrument might have been so written as to have required acceptance by each and every beneficiary as a condition precedent to its validity, but, not being so worded, it should not be so construed.

2. In the tenth paragraph of their answer appellants pleaded as follows: "These defendants say that if it be held that said alleged mortgage under which plaintiff claims was valid or efficient for the security of the said creditors by plaintiff alleged to have been secured thereby, and for whom he seeks recovery as trustee, then these defendants say that the same was and is equally effective in favor of the said Hartley & Graham, Winchester Repeating Arms Co., and Schoverling, Daly & Gales, in the proportion borne by their respective claims to the entire amount secured thereby, and that if plaintiff is entitled to recover herein, the proportion of such recovery to which said creditors are entitled as beneficiaries under said mortgage ought to be credited to these defendants. That is to say, plaintiff ought to recover only the proportion which the said accepting creditors' claims bear to the entire indebtedness purported to be secured by said instrument, including the claims of said creditors Hartley & Graham, Winchester Repeating Arms Co., and said Schoverling, Daly & Gales."

The trial court sustained an exception to this plea, and that ruling is

assigned as error, and under the assignment appellants submit the following proposition:

"The petition having set up the execution of the trust deed for the benefit of the defendants as well as other creditors, and that the trustee had taken possession for their benefit, if the law be that the trust title vested in the trustee where only a part of the creditors have accepted, it results that he would also be a trustee for the benefit of the defendants to the extent of their interest in the conveyance to him; or, at least, their act in taking would be justified to the extent of the interest intended to be vested in the trustee for them by the grantor."

This proposition cannot be maintained. None except those who accept all the terms and conditions of the trust deed can claim any rights under it. That instrument created a fund for the benefit of certain designated creditors, and appointed a trustee to administer the fund. The attaching creditors, disregarding and repudiating these provisions of the trust deed, have taken the property out of the hands of the trustee and applied it to their own claims, to the exclusion of the other creditors for whose benefit the deed was made. Such being the case, they cannot now avail themselves of the rights which otherwise they might have had under the deed. Having repudiated that instrument, and deprived others of rights secured by it, they cannot assert any right under it. Perry on Trusts, sec. 596; Burrill on Assignments, sec. 479; Hatchitt v. Blanton, 72 Ala., 433; Frierson v. Branch, 30 Ark., 453; Pratt v. Adams, 7 Paige Ch., 641; Alliance Milling Co. v. Eaton, 76 Texas, 407.

3. Concerning the measure of damages, appellants contend, in effect, that as against Petmecky or any one representing him, the seizure and sale of the property under valid writs of attachment issued against him was legal; and that while, as to the beneficiaries in the trust deed, such seizure and sale may have been illegal, the trustee ought not to recover any more than enough to satisfy their demands and pay the expenses of executing the trust, if any remained unpaid. The court below instructed the jury that the market value of the property was the measure of damages. The only Texas case we have found in which this question has been directly raised and decided is Martin-Brown Co. v. Henderson, 28 S. W. Rep., 695, decided by the Court of Civil Appeals at Fort Worth. In that case it was held that the value of the property seized by the attaching creditor is the correct measure of damages.

But whatever force there may be in appellants' contention, under the facts of this case we think the charge given was correct. The entire property was conveyed to appellee in trust for a designated purpose; and it having been taken from him without his consent, he was entitled to recover its full value, unless it was made to clearly appear that with a specified sum less than its value he could pay all the debts secured by the mortgage and all the expenses of executing the trust. The exact amount of principal and interest due to the secured creditors who had accepted before the attachments were levied was not shown, nor was it shown

whether or not there were any unpaid expenses. The burden of developing the case in these respects was not on appellee, and the appellants not having done so, the charge given was correct. We do not wish to be understood, however, as saying that the charge would not have been correct, had the facts been otherwise. It is unnecessary now to decide that question.

4. We do not think the case should be reversed for another trial on account of the alleged errors in the court's charge on the question of fraud. Even as to Petmecky and Sterzing, the circumstances relied on to show fraud, when considered with all the other facts in the case, fail entirely to establish the charge; and, as to the accepting creditors, there is no evidence tending to show a participation in or knowledge of any purpose to defraud. On the contrary, as to the Austin National Bank, whose claim amounted to $3500, it was shown by satisfactory and uncontroverted evidence that such was not the case. Such being the condition of the evidence, the question of fraud need not have been submitted to the jury, because, however much Petmecky may have intended to defraud, if either of the beneficiaries accepted its terms without participation in or knowledge of such intent, the trust deed became effective. Rider v. Hunt, 6 Texas Civ. App., 238; 25 S. W. Rep., 314; Kraus v. Haas, 6 Texas Civ. App., 665; 25 S. W. Rep., 1025; 86 Texas, 687; Willis v. Murphy, 28 S. W. Rep., 362; Solomon v. Wright, 28 S. W. Rep., 415; Byrd v. Perry, 7 Texas Civ. App., 390.

No reversible error has been pointed out, and therefore the judgment will be affirmed.

*Affirmed.*

Delivered November 27, 1895.

Writ of error refused.