## MITCHELL v. SCHIMMING & EDDINS.

### No. 1212.

Court of Civil Appeals of Texas. Waco.

Sept. 15, 1932.

J. W. Spivey, of Waco, and T. B. Bartlett and Robert D. Peterson, both of Marlin, for plaintiff in error.

Oltorf & Oltorf, of Marlin, for defendants. in error.

GALLAGHER, C. J.

This suit was instituted by A. C. Schimming and M. E. Eddins, composing the firm of Schimming & Eddins, hereinafter called plaintiffs, against Rosa Mitchell, hereinafter called defendant, to recover the balance due on a promissory note executed and delivered to them by her and to foreclose a vendor's lien on a certain house and lot in the city of Marlin. Defendant, on the 28th day of March, 1919, entered into a written contract with plaintiffs, by the terms of which she agreed to purchase from them the property aforesaid for the sum of $2,000, payable $100 cash, $12.50 on the 1st day of each and every month, beginning on the 1st day of April thereafter, and a further payment of $500 on November 1st thereafter. Said contract provided that all deferred payments should bear interest from the date thereof until paid at the rate of 10 per cent. per annum; that upon full and final payment plaintiffs should execute and deliver to defendant a deed to the property purchased; that defendant should have immediate possession thereof as a tenant pending full payment therefor, subject, however, to the condition that her failure to pay any installment with interest thereon when due should entitle plaintiffs to declare the contract terminated, should entitle them to retain all money theretofore paid them by defendant without further liability on their part, and should relieve them of any obligation to convey the property to her. Defendant paid $100 at the time the contract was executed and made certain payments from time to time thereafter until the 3d day of September, 1920, when plaintiffs at her request agreed to modify the contract by giving her a deed to the property and accepting from her a vendor's lien note for the remainder of the purchase price. They thereupon delivered said contract and a list of the payments made by defendant, to their attorney, and instruct-

ed him to ascertain therefrom the amount of the purchase price remaining unpaid and to prepare a proper deed conveying the property and a note for the remainder due. According to the calculation made by said attorney at the time, the unpaid installments of purchase money under the terms of the original contract amounted in the aggregate to $1,300. The deed prepared by him recited that the consideration therefor was $2,000; that $701.88 thereof had been paid; and that the balance was to be paid in installments of $12.50 each on the 1st day of each and every month thereafter, commencing on the 1st day of September, 1920, with interest on each such installment from the 28th day of March, 1918, until paid at the rate of 10 per cent. per annum, as evidenced by a certain promissory note of even date therewith. Said deed further recited that the parties to the original contract agreed that the same should not be superseded by said deed, but that such contract was thereby renewed and continued in full force and effect under all the terms of said deed. The note prepared by said attorney was for the sum of $1,300 and provided that the same should be paid in 104 equal installments of $12.50 each, one of such installments to be paid on the date of the note and one on the 1st day of each successive month thereafter, with interest on each of such installments from March 28, 1919, until paid at the rate of 10 per cent. per annum. Said note further provided that all past-due interest should bear interest at the rate of 10 per cent. per annum after maturity, and for accelerated maturity in the usual contingencies. Defendant made payments on the indebtedness evidenced by said note from time to time. Said payments were insufficient to satisfy the same, and plaintiffs, on August 21, 1929, instituted this suit to recover the balance due thereon and to foreclose their lien upon said property. Defendant pleaded usury, and the statute of limitation of four years as to all installments more than four years past due at the institution of the suit.

The case was tried to a jury. The court, at the conclusion of the evidence, indicated that in his opinion the testimony failed to raise any issue which should be submitted to the jury except the amount actually due on the note sued on. The parties thereupon agreed that the case should be withdrawn from the jury and that the court should ascertain by calculation the amount remaining unpaid on said note and render judgment accordingly, with foreclosure of vendor's lien on said property. Defendant stipulated that her agreement to withdraw the case from the jury should not be considered a waiver by her of her contention that her plea of usury had been established, nor to submit to the court for determination any issue of fact in respect thereto which might be raised by the evidence. The court rendered judgment against defendant in favor of plaintiffs for the sum of $1,491.60, and a further judgment foreclosing their vendor's lien on said property to secure the same.

## Opinion.

Defendant presents assignments of error in which she asserts that her pleadings and the testimony introduced raised an issue of usury, which should have been submitted to the jury for determination. The specific charge in her pleadings was that the original contract hereinbefore described bound her to pay interest on unpaid installments of purchase money from March 28, 1919, and that by the terms of the deed executed and delivered to her by plaintiffs, she was required to pay interest on such installments from March 28, 1918, one whole year before she purchased the property. No other facts upon which a charge of usury could be based were alleged. The testimony showed affirmatively without dispute that plaintiffs delivered the original contract, with a list of the payments made by defendant, to their attorney, and instructed him to ascertain the amount of purchase money remaining unpaid and to prepare a proper deed conveying the property and a note for the remainder due; that in preparing said deed and note he provided therein that unpaid installments should bear interest from the date of such deed and note; that his attention was called to the fact that the original contract provided that such installments should bear interest from the date thereof, which was March 28, 1919; that he attempted to correct both deed and note by erasing the word "date" and inserting in lieu thereof "March 28, 1919"; that he made such correction in the note; but that by inadvertence, in attempting to make the same in the deed, he wrote "1918" instead of "1919." Said deed recited that the parties to the original contract agreed that the same should not be superseded thereby, but that such contract was renewed and continued in full force and effect under the terms of said deed. No interest on any of such unpaid installments prior to March 28, 1919, was ever claimed, demanded, or received by plaintiffs. Defendant further contends that at the time plaintiffs' deed to her and her note to them were substituted for her original contract, she had made more payments than were credited to her by the attorney preparing said deed and note; that plaintiffs intentionally retained such payments and withheld from her credit for the same; and that the transaction was thereby rendered usurious. Plaintiffs contend that no such issue was raised by defendant's pleadings, the substance of which has been hereinbefore stated. The general rule is that a plea of usury must set forth the terms of the contract complained of with such precision and certainty as to make it manifest that such contract is a prohibited one, and it is not sufficient to allege generally

**1082**

that the same is usurious, without setting out the facts that make it so. 39 Cyc. pp. 1041, 1042; 27 R. C. L. pp. 266, 267; Hamilton-Brown Shoe Co. v. Mayo, 8 Tex. Civ. App. 164, 27 S. W. 781, 782 (second column). While the testimony showed that defendant had paid approximately $50 more money than was credited to her when the deed and note were prepared and substituted for the original contract, the testimony further showed that the error was made by the attorney who prepared said deed and note; that he was in no way interested in the transaction; and that the same was apparently never discovered until the examination of the witnesses during the trial of the case. Plaintiffs disclaimed any intention to withhold credit for any moneys actually paid to them by defendant. Full credit for said payments was allowed defendant in calculating the amount due at the time of trial. Regardless of whether defendant's pleadings were sufficient to raise an issue of usury on account of such error, we do not think that any such issue was raised by the testimony. The court did not err in failing to submit to the jury for determination any issue of usury.

Defendant contends that since she was, at the time of the execution of the note sued upon, entitled to credit on her indebtedness for approximately $50, an amount equal to four of the several installments provided for in said note, that she should be given such credit by eliminating and holding for naught the last four of such installments. The determination of this contention is material on the issue of limitation and in the disposition of defendant's contention that the judgment is excessive in amount. Defendant, at the time this error occurred, was in fact in default in the payment of installments stipulated in the original contract in the sum of $30.50. This default occurred by reason of the fact that she did not make the stipulated monthly payment of $12.50 due on the 1st day of May, 1920, and by reason of the further fact that instead of making the special payment of $500 which she agreed to make on November 1, 1919, she paid only $482 at that time. Said sum in which defendant was in default as aforesaid was merged into the note and extended thereby. The deed was executed on the 3d day of September, 1920, and the note given by defendant for the remainder of the purchase money bore the same date. Both deed and note called for contemporaneous payment of an installment of $12.50, which installment was not paid. Defendant was therefore in default in the payments stipulated in the note from the date thereof, and remained so continuously thereafter. Plaintiffs could at that time, or at any time thereafter, have exercised the option contained in the note authorizing them to declare the entire amount due for nonpayment of such installment or installments. Had they attempted to do so when defend-

ant was not in arrears more than four installments, she could, if she had known the facts, have said: "You have in your hands $50.00 of my money for which you have erroneously failed to give me credit, and equity will require you to apply the same to the satisfaction of these payments and when so applied, I will not be in default." She could on such ground have resisted an attempt to arbitrarily mature the remainder of the installments. Plaintiffs, however, never exercised their option to accelerate the maturity of the remaining payments due on said note. The last installment according to the terms thereof matured April 1, 1929. Plaintiffs filed this suit for recovery of the balance due on August 21, 1929, more than three months after the maturity of the last installment. Defendant pleaded the statute of limitation of four years in bar of a recovery of any and all payments more than four years past due at the institution of this suit. According to the terms of the note, forty-four payments matured within such period and were therefore not subject to the bar pleaded. Should defendant's contention be sustained and the credit arising out of the error under discussion be applied to extinguish the last four installments of said note, then only forty installments would remain unaffected by such plea. The credit inuring to defendant's benefit by reason of such error was, as before stated, apparently not discovered until the time of trial. Neither party had therefore applied the same to any particular installments due on said note. It therefore became the duty of the trial court to apply the same. The judgment rendered by the trial court is approximately the amount of said last forty-four installments, with interest and attorney's fees thereon as stipulated in said note. Installments maturing prior to the bar so pleaded, with interest thereon as stipulated, amount to a substantial sum in excess of said credit and all payments made by defendant on said note. It is therefore apparent that the trial court applied said credit to the earlier installments. Any other application would under the circumstances have been inequitable and improper. Phillips v. Herndon, 78 Tex. 378, 385, 14 S. W. 857, 22 Am. St. Rep. 59; Willis & Bro. v. McIntyre, 70 Tex. 34, 41, 7 S. W. 594, 8 Am. St. Rep. 574; First National Bank v. International Sheep Co. (Tex. Civ. App.) 29 S.W.(2d) 513, 519, par. 7 (writ refused), and authorities there cited; Sullivan v. City of Galveston (Tex. Com. App.) 34 S.W.(2d) 808, 812, par. 7; Maryland Casualty Co. v. Willig (Tex. Civ. App.) 10 S.W.(2d) 415, 417 (bottom second column), and authorities there cited; Lockett v. Farmers' State Bank (Tex. Civ. App.) 205 S. W. 526, 528, par. 3; Friedman-Shelby Shoe Co. v. Davidson (Tex. Civ. App.) 189 S. W. 1029, 1032, par. 4, and authorities there cited; Rodgers-Wade Furniture Co. v. Wynn (Tex. Civ. App.) 156 S. W. 340, 343 (first col-

umn); Whitehead v. Wicker (Tex. Civ. App.) 280 S. W. 604, 607, par. 3.

Since the judgment rendered is fully supported by the forty-four installments which matured less than four years before the institution of this suit, the issue of limitation need not be further considered.

The judgment of the trial court is affirmed.