CLEMENT v. DUFFY.

1. **Replevin**: RECOVERY ON BOND: MEASURE OF. Where grain taken on a writ of replevin was threshed and sold by the plaintiff, and upon the trial the ownership was found to be in the defendant, the measure of his recovery on plaintiff's bond was held to be the market value of the grain at the time of the trial, less the cost of threshing and marketing, it not appearing that the plaintiff had acted in bad faith in obtaining the writ.

*Appeal from Wright Circuit Court.*

THURSDAY, OCTOBER 21.

THIS is an action of replevin for 225 bushels of wheat. The writ was issued on the 26th day of September, 1879, and, the wheat being in stack, the sheriff delivered it to the plaintiff, who proceeded to thresh and market it. Each party claimed to be the absolute owner of the grain. The trial was had on the 19th day of November, 1879. A jury was impaneled, and the plaintiff introduced his evidence, whereupon the court, on motion of the defendant, withdrew from the jury the question of ownership and right of possession, and rendered judgment therefor in favor of the defendant. By the agreement of the parties the question of the assessment of damages, and the value of the property, was also withdrawn from the jury and submitted to the court.

It was admitted that the wheat in controversy consisted of

225 bushels, and that on the day the same was taken from the defendant, under the writ of replevin, wheat was worth in the nearest market sixty-five cents per bushel; that after the taking, and before the day of trial, the wheat advanced in value, and the highest value in the nearest market during said interval was one dollar a bushel; that plaintiff sold the same in market at ninety cents a bushel; that the threshing and hauling to market was worth twenty cents a bushel. The defendant offered to prove that wheat of the quality of · that in controversy was, at the time of the trial, worth one dollar per bushel in the nearest market. This evidence was objected to, and the objection was sustained, and defendant excepted.

No further evidence having been introduced, the court held that the defendant was entitled to recover the value of the wheat at the nearest market on the day the same was taken under the writ of replevin, less the expense of threshing and marketing, without regard to the subsequent advance in value, and without regard to the price actually obtained by plaintiff, and rendered judgment accordingly. Defendant appeals.

*S. M. Weaver*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I.   The only question to be determined is the measure of damages which the defendant is entitled to recover. It is claimed that he should receive the highest market price up to the time of the trial.

The action of replevin, or for the recovery of specific personal property, as it is denominated in the Code, is a contest for property, and not for damages. Where an issue is made in the action, each party claims that he is entitled to the possession of the property. The property is the primary subject of the controversy. Ordinarily the plaintiff executes the bond provided for in Sec. 3229, and the property is de-

livered to him. The obligation of his bond is "that he will appear at the next term of the court and prosecute his suit to judgment, and return the property if a return be awarded, and also pay all costs and damages that may be adjudged against him."

By Sec. 3238 the jury are required to assess the value of the property, as also the damages for taking or detention thereof. We think where the plaintiff seizes the property upon his writ, and the defendant succeeds in the action, and is found to be the absolute owner of the property, and is, therefore, entitled to its return, that the value should be assessed as of the time of the trial. Such is the obligation of the bond. The plaintiff thereby undertakes to deliver the property to the defendant, in case a return be awarded. If he has in the meantime, by a sale of the property, or otherwise, put it out of his power to make the delivery required by the bond, he must render its equivalent as of the time when the delivery should have been made. The case is not different in principle from an ordinary sale of property to be delivered in the future. In this case the grain increased in value pending the action. It is property of that character which fluctuates in value. If it had decreased in value the measure of the defendant's recovery would still be the value at the time of the trial, with damages for the decrease in value, because the defendant, by his bond, undertakes not only to return the property, but also to pay damages, and the jury are, by Sec. 3238, required to assess the damages for the taking or detention.

A large number of authorities have been cited by counsel for appellant upon the question whether, in an action of trover, the plaintiff is entitled to recover the value of the property at the time of the conversion, or the highest value up to the time of the trial. We have examined many cases upon the subject. A full review of the authorities upon the question will be found in a note to the sixth edition of Sedgwick on the Measure of Damages, p. 590.

Upon the one hand it is held that in actions for the wrongful conversion of stocks, and of personal property of fluctuating value, the measure of the damages is the highest market price which the property may have had from the date of the conversion to the end of the trial, provided the action be brought and pressed with proper diligence. Other authorities hold that the value must be limited to the date of the actual conversion of the property. It has been held by this court that the measure of damages for the breach of an executory contract for the purchase of goods, which are paid for in advance, is the highest market price up to the time of the trial. *Cannon v. Folsom,* 2 Iowa, 101; *Davenport v. Wells,* 3 Id., 242.

But we need not pursue this inquiry, nor determine this question. We think it is clear that, by the very terms of the bond, the plaintiff in this case was bound to account for the grain, and for damages for its detention, as of the time at which he was bound to deliver it.

II. It is urged by counsel for appellant that the court erred in deducting from the value of the grain the cost of threshing and marketing, and it is said that where a wrongdoer expends labor upon the property of another he is not entitled to compensation therefor. But in this case it does not appear that the plaintiff knew, when he commenced his action and seized the grain, that it was the defendant's property. He may have acted in entire good faith, believing that he was the owner. We believe the rule should be limited to willful wrong-doers. Such seems to have been the opinion of the court in *Silsbury v. McCoon,* 3 N. Y., 379. The cases where the question has arisen are mostly those where it has been claimed that the right of property may be lost by reason of the change of identity. See Kent's Commentaries, Vol. 2, 363. What is said in *Stuart v. Phelps,* 39 Iowa, 14, upon the subject should, we think, be considered as applicable to a willful trespass.

In our opinion the expense of threshing and marketing

the grain was properly deducted from the market price. Grain is ordinarily held for sale on the market. In the stack it is of no value as an article of commerce, and the plaintiff did no more than what the defendant would have been required to do to realize the money upon it.

For the error in assessing the value as of the time when the grain was seized under the writ, the judgment must be

REVERSED.