SIMPSON FINNELL, Appellant, v. GEORGE MIL-
LION, Respondent.

**Kansas City Court of Appeals, April 27, 1903.**

1. **Fraudulent Conveyances: EVIDENCE: MORTGAGES: NEW
TRIAL.** The admission in evidence of two mortgages, one with
unmarked credits and the other discharged and not satisfied, is
held proper and the introduction of other mortgages is held imma-
terial since the mere introduction of irrelevant testimony is not
ground for a new trial, unless it appears to have influenced the jury.

2. ———: ———: **CHARGES FOR KEEPING STOCK: VOLUN-
TEER.** The grantee in a fraudulent bill of sale is in the wrongful
possession of the property and is not entitled to be reimbursed for
his charges in taking care of such stock, but if there be no such
sale he voluntarily assumes the risk of feeding and caring for such
stock and can not recover therefor; so evidence of such charges
was properly refused in a replevin suit to recover the stock.

3. **Appellate Practice: INSTRUCTIONS: INVITED ERROR.** Ap-
pellant can not complain of error in respondent's instructions where
he invites the same by his own.

4. ———: **CONFLICT OF EVIDENCE: WEIGHING TESTIMONY.**
Though the appellate court may believe the verdict against the
greater weight of evidence, it is not authorized to disturb the ver-
dict therefor.

5. **Replevin: WRONGFUL TAKING: PRESUMPTION.** An instruc-
tion in a replevin suit telling the jury that the wrongful taking
and detention of the property by the defendant is not to be pre-
sumed but must be proved, is approved since the defendant was an
officer acting under a process of court.

Appeal from Atchison Circuit Court.—*Hon. Gallatin
Craig,* Judge.

AFFIRMED.

*J. P. Lewis* for appellant.

(1) The court erred in giving defendant's instruc-
tions 1, 2, 4 and 8 on the subject of sufficiency of de-
livery. Elliott v. Keith, 32 Mo. App. 119; Criley v.
Vasel, 52 Mo. 445; State ex rel. v. Casteel, 51 Mo. App.

143; Scully v. Albers, 89 Mo. App. 118. The bill of sale was confirmatory evidence of delivery. Knoche v. Perry, 90 Mo. App. 487. (2) The court erred in submitting to the jury any question as the sufficiency of delivery of possession of the property. No such defense was set up in the answer. The instructions inject a new defense not mentioned in the answer. Weil v. Posten, 77 Mo. 284; Ely v. Railroad, 77 Mo. 34; Crawford v. Altman & Co., 139 Mo. 262; Husten v. Taylor, 140 Mo. 252; Miller v. Clark, 78 Mo. App. 447. (3) The court erred in giving instruction No. 6. (4) The court erred in permitting the defendant to give evidence as to the existence of the mortgages set up in defendant's answer for the reasons that they were disconnected with, and too remote from the subject in controversy, and could only tend to confuse and prejudice the jury. 7 Am. and Eng. Ency. (1 Ed.), p. 58; Banks v. Banks, 64 Mo. App. 253; Frederick v. Allgier, 88 Mo. 598; Goble v. Kansas City, 148 Mo. 470; Ettlinger v. Kahn, 134 Mo. 492. (5) The value of the hogs as assessed by the jury was excessive, and the court erred in not granting a new trial on that account. (6) The court erred in not permitting plaintiff to show, that if the hogs had increased in value, it was because he had expended money for feed, and for care of same. 1 Am. and Eng. Ency. (2 Ed.), p. 252, and note; Abram v. Mason, 14 Blatchf. U. S. 445; Hyde v. Cockson, 21 Barb. (N. Y.) 95; Clement v. Duffy, 54 Iowa 635; Lumber Co. v. Kolman, 34 L. R. A. 82; Brewster v. Carmichael, 39 Wis. 456; Herdic v. Young, 55 Pa. State 176; Herdic v. Young, 93 Am. Dec. 739; Dilworth v. McKilvey, 30 Mo. 149; Gilliham v. Kerome, 45 Mo. 487; Boutelle v. Warne, 62 Mo. 350; Dougherty v. Cooper, 77 Mo. 528; Lewis v. Mason, 94 Mo. 551; Bank v. Snyder, 85 Mo. App. 82; Hall v. Bromell, 87 Mo. App. 285.

*Hunt & Bailey* and *T. S. Stevens* for respondent.

(1) The instructions complained of gave the case fairly to the jury; in the case at bar the appellant never did have possession of the hogs, corn-binder and hay-loader, nor, we contend, the hay, yet the jury found the appellant was entitled to the hay. This action of the jury shows that they were not governed by passion, prejudice or undue influence, and we submit to the court that this is a full and complete answer to appellant's seventh proposition. (2) To maintain replevin, the plaintiff must have in himself the right of property, general or special, coupled with the right of immediate possession, and if the title is denied, as in this case, the onus is upon him to prove it. Melton v. McDonald, 2 Mo. 45; Anderson v. Costican, 30 Mo. App. 29; Barker v. Campbell, 32 Mo. App. 529. Plaintiff must show property in himself. Updike v. Wheeler, 37 Mo. App. 680. Plaintiff must be entitled to the exclusive and immediate possession of the property at the time of the service of the writ. Cross v. Hulett, 53 Mo. 397; Flemings v. Clark, 22 Mo. App. 218; Gulath v. Waldstein, 10 Mo. App. 586; Kennedy v. Dodson, 44 Mo. 550; Leete v. Bank, 141 Mo. 584; Moore v. Carr, 65 Mo. App. 64. (3) In this case appellant's title is denied. He must prove his title, and possession is not sufficient to establish that fact. Gartside v. Nixon, 43 Mo. 138; McHall v. Walker, 22 Mo. App. 170; Wright v. Richmond, 21 Mo. App. 76; Scott v. Riley, 49 Mo. App. 251. (4) In replevin the defendant may, under the general issue, assail the plaintiff's title for fraud and show such facts as would, under the law, render such title void and ineffectual against the defendant. Edison v. Hedger, 38 Mo. App. 53. And may show anything that tends to disprove title, or right of possession. Gibson v. Mozier, 9 Mo. 256; Auction Co. v. Mason, 16 Mo. App. 473; Pugh v. Williams, 61 Mo. App. 165; Bullian v. Burlingame, 81 Mo. 111; Thresher Co. v. Pierce, 74 Mo. App. 676; Oester v. Sitlington, 115 Mo. 247. (5) Where a wrongdoer commits an act of con-

version of goods he can not take advantage of his own wrong and reap benefits from his own wrongful act. 2 Parsons on Contracts (6 Ed.), top page 135, foot page 146, and notes; Hinchey v. Koch, 42 Mo. App. 230; Shoe Co. v. Bains, 46 Mo. App. 581; Kirkendall v. Hartsoch, 58 Mo. App. 237; Schultz v. Hickman, 27 Mo. App. 21. The jury may find such value upon the sworn statement plaintiff made when suing out the writ. Schultz v. Hickman, 27 Mo. App. 21; Miller v. Bryden, 34 Mo. App. 602. (6) The court will not disturb a verdict on the issue of the *bona fides* of the sale of personal property, where the evidence thereon is conflicting. We see nothing in this case that would justify the court in saying that the verdict of the jury was through heat of passion, prejudice or undue influence. Frederics v. Allgaier, 88 Mo. 598. (7) The change of possession must be open, notorious and unequivocal, so as not to mislead the public, and be made within a reasonable time. R. S. 1899, sec. 3410; Claflin v. Rosenberg, 42 Mo. 439; Burget v. Borchert, 59 Mo. 80; Lesen v. Herreford, 44 Mo. 323; Stern v. Henley, 68 Mo. 263; Wright v. McCormack, 67 Mo. 426; Stewart v. Bergstorm, 79 Mo. 524; State ex rel. v. Goetz, 131 Mo. 672; Desberger v. Harrington, 28 Mo. App. 633.

BROADDUS, J.—This is a replevin suit begun on the 7th day of January, 1902, for the recovery of fifty-five tons of hay, about one hundred head of hogs, one corn binder and one hay loader, all of the alleged value of $920.

The defense is, that the defendant levied upon and held the said property under and by virtue of a certain execution issued out of the office of the clerk of the circuit court of said county on October 30, 1901, upon a judgment in favor of one Floyd J. Sullivan against one William Finnell for $2,073.77, rendered September 24, 1901; that plaintiff was not the owner of said property at the time said execution was levied thereon, but that

said William Finnell was the owner of the same; and that prior thereto, viz., on the 28th day of September, 1901, the said William Finnell, who is the son of the plaintiff, and the plaintiff conspired together with the fraudulent intent of hindering, delaying and defrauding the creditors of the said William; and for the fraudulent purpose of concealing and covering up said property of said William so that his creditors could not reach it, the said William executed to the plaintiff a pretended bill of sale of the same. The answer sets up several mortgages executed by the son; two to plaintiff, and others to different parties, all of which are alleged to have been made with the knowledge of plaintiff, for the purpose, on the part of the maker, to defraud his creditors.

The plaintiff's evidence tended to show that said bill of sale was made in good faith and for a valuable consideration, without any knowledge on his part of any fraudulent intent upon the part of said William to hinder, delay or defraud his creditors. The plaintiff on cross-examination stated, among other things, that he did not know of the said bill of sale until after it had been executed; and that he did not require one to evidence the sale, but that when he found out that his son had made one he obtained it and put same on record. It was shown that said William had been plaintiff's tenant for the year 1901, and several years prior thereto; that at the time he claims to have purchased the property in controversy he had a settlement with his son and that the son agreed to turn over to him the property in extinguishment of certain indebtedness; that as evidence of transfer of possession, he had the hogs branded with his mark and turned into a feed lot on the premises occupied by William that he had reserved for his own use; that the other property was left on the place. It was shown that the hogs when seized were running at large on the rented premises. The plaintiff's excuse for not removing the hogs was that they had cholera and he did not think it safe to take

them to his own place for fear of communicating the disease to his other hogs. The evidence tended to show that the sale of the property to plaintiff was real, though for a past consideration.

The two mortgages to the plaintiff set out in the answer, one of which covered the property in question, were unsatisfied of record. There was some evidence that the property included in one of these mortgages was disposed of by William, which must have been with the knowledge of plaintiff.

William Finnell testified that plaintiff did not require a bill of sale of the property and none was given at the time of the sale, but that he made it afterwards so that it would be evidence of the transaction.

The plaintiff while testifying became confused as to whether he was claiming the property under a lien for rent or under the bill of sale. He also stated that the value of the hay was not agreed upon until some months after the sale. Plaintiff weighed the hogs when he took them under his writ, at which time their weight was 8,450 pounds; and their market value being six and three fourths cents per pound, their total value was $570.38. From the time he received them to the date of trial, about 150 days, he fed and cared for them. He offered to show the cost of their keeping for such time but this evidence was rejected upon objection of defendant. One witness testified that the ordinary increase in weight of such hogs would make them worth about $10 each at the date of trial.

We have given only a brief outline of the case. The plaintiff is not here insisting that the evidence was not sufficient to support the verdict, but that the court committed error in the admission and exclusion of testimony, in the giving of instructions, and that the verdict is excessive.

To the introduction of the different mortgages mentioned the defendant interposed his objection. We think that there was no error in admitting the two made to the

plaintiff accompanied with the evidence that there had been payments made on the one and not credited, and the other discharged and not satisfied of record. While those made to other persons seem to have been irrelevant and immaterial, yet it is not shown in what way they could have influenced the jury, and their introduction could have done no harm to plaintiff's cause. The mere introduction of irrelevant testimony is not good ground for granting a new hearing, unless it is made to appear that it was of such a character as would tend to influence the jury. We can not see what effect their introduction could have had on any ordinary mind.

The offer by plaintiff to prove the cost of feeding and caring for the hogs from the time he obtained them under his writ to the date of trial is one of the issues raised on the appeal, it being contended that the defendant's measure of damages was the value of the hogs, less the cost of feeding them by the defendant. The rule was adopted by the Supreme Court of New York in Hyde v. Cookson, 21 Barb. 92. But the ruling was put upon the ground that the property involved came lawfully into the possession of the defendants. The changes made in the property in that case had also added to its value and had been made with the approbation of the owners. See also Clement v. Duffy, 54 Iowa 635; Abram v. Mason, 14 Blatchf. (U. S.) 405. The rule is stated in 1 Am. and Eng. Ency. of Law, p. 252, as follows:

"When a chattel, the property of another, has been improved or added to under a mistake as to its ownership, and remains in possession of the party who has performed the labor or added the materials, and the latter is sued for the conversion thereof, recovery should be had only to the extent of the value of the original materials, and not the value of the chattel in its improved state." However, where the conversion is willfully wrong, the rule is different and is stated thus: "But in an action against a willful wrongdoer, for the

taking and conversion of a chattel, where the defendant has increased the value of the thing sued for, the owner is entitled to recover the value of the property in its new form, and the trespasser is not allowed any deduction or compensation for the value of the improvement.'' Idem.

As the jury must have found that the alleged sale of the property in controversy was a fraud upon creditors, or that there was in fact no sale, the plaintiff is not in a condition to ask for compensation in feeding and caring for the hogs. If the sale was consummated in fraud of creditors, his possession was wrongful; and if there was no sale, he occupies the attitude of having voluntarily assumed the risk of feeding and caring for the hogs. This case is not like that of one found in the possession of property under the honest but mistaken belief that he was the owner.

It is contended that the court committed error in giving instructions 1, 2, 4 and 8 for the defendant. All these instructions apply to what change of possession of personal property is necessary in order to constitute delivery. Instructions two and three asked and given upon the part of the plaintiff are of a similar character, wherein the jury are told what change of possession would constitute a delivery. If the giving of said instructions was an error, it was invited by the plaintiff, for which reason he will not be allowed to complain. This has been so often decided that it is useless to cite the decisions on the question. But we think the instructions were proper. It was an issue under the general denial of the defendant, that the plaintiff was the owner of the property. The plaintiff claimed to be the owner by reason of the so-called sale to him by the son. It was therefore a question whether there had been such delivery as would constitute a sale.

And we do not think under the evidence that the verdict of the jury was excessive. There was evidence that the hogs were of the value placed upon them by

the jury, and although we may believe that the greater weight of the testimony showed them to be of less value, we are not authorized for that reason to disturb the verdict, as the jury alone was the trier of facts.

Plaintiff also complains of the action of the court in giving instruction number six for defendant. In this instruction the jury are told that a wrongful taking and detention of the property by defendant is not to be presumed, but must be proved. The plaintiff's cause of action is founded on a wrongful taking and detention by his adversary; therefore if such taking and detention were not found to be wrongful, it was lawful; and it was presumed to be lawful as he was an officer acting under a process of the court until the contrary was shown.

We have noticed plaintiff's most material assignment of errors, and find upon the whole 'the case was well tried.

For the reasons given, the cause is affirmed. All concur.