L. W. ALLEN v. HOUSTON ICE AND BREWING COMPANY ET AL.

Decided November 2, 1906.

**Mechanic's Lien—Landlord's Lien—Priority.**

A tenant, with the consent of the landlord, built a house on the leased premises, with the understanding that, upon the termination of the lease, the tenant would have the right to remove said house, provided the rent was all paid, otherwise he should not have such right. This contract was never recorded. The house, having been damaged by fire, was repaired by the plaintiff, a mechanic, at the request of the tenant, the mechanic having been previously told by the landlord that the building belonged to the tenant; the mechanic fixed his lien upon the building, as required by the statute; the tenant failed to pay the mechanic for the repairs on the building, and failed to pay the landlord the rent due on the premises. Held, that the landlord had no lien on said building under either articles 3235 or 3251 of the Revised Statutes, concerning landlord and tenant, to secure the unpaid rent, and even if the contract between the landlord and tenant, forbidding the removal of the building until the rent was all paid, could be regarded as a chattel mortgage, it was of no effect as against the mechanic, who had no notice of its existence.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*E. R. Campbell,* for appellant.—The law does not create or give a landlord's lien upon a building belonging to the tenant, erected and situated upon leased premises. Rev. Stats. Texas, 1895, arts. 3235, 3251; Rush v. Hendley & Ramseur, 15 S. W. Rep., 201; Meyer v. O'Dell, 18 Texas Civ. App., 210.

Whether a fixture remains a chattel or becomes a part of the realty is governed by the expressed intention of the parties. Hutchins v. Masterson, 46 Texas, 554; Moody v. Aiken, 50 Texas, 73; Wright v. Macdonnell, 88 Texas, 146.

An unregistered chattel mortgage is void as to creditors, and as against subsequent purchasers and lien-holders in good faith. Rev. Stats., 1895, art. 3328; Brothers v. Mundell, 60 Texas, 246; Smelser v. Baker, 6 Texas Civ. App., 752; Hackney v. Schow, 21 Texas Civ. App., 614.

The contract that the store house should remain on the premises until the expiration of the term and until all the rent was paid, was a personal obligation, and one to which Allen was not a party, and had no notice of, and the same does not bind him or interfere with his right to remove his building. Simkins on Contracts, p. 6; House v. Houston Waterworks Co., 88 Texas, 238; Hughes v. Sandal, 25 Texas, 165. Navarro Pub. Co. v. Fishburn, 2 Posey, 592; First Nat. Bank of Quincy v. Hall, 101 U. S., 50.

*Geo. H. Breaker* and *Baker, Botts, Parker & Garwood,* for appellee.

—The store building is and must continue to be a part of the realty until the expiration of the lease and the payment of all rents that may accrue under the lease. Jones v. Bull, 85 Texas, 139; Brown v. Roland, 92 Texas, 56.

If the store building is not a part of the realty and is a movable fixture and can be moved before the expiration of the lease and the payment of rents, in other words is personal property, then the rule of caveat emptor applies, and Allen, on learning that Keegans was renting from Hermann, was charged with notice of Hermann's rights under the lease, and Hermann's possession by Keegans was equivalent to registration of the lease. Watkins v. Edwards, 23 Texas, 449; Mullen v. Wimberly, 50 Texas, 457, 463, 466; Mainwarring v. Templeman, 51 Texas, 205, 212; Wimberly v. Bailey, 58 Texas, 223, 226; Russell v. Oppenheimer, 1 App. Civ. Cases, sec. 272.

If the store building is personal property, then plaintiff, Hermann, has a landlord's lien that is not required by law to be recorded, and which would be greatly impaired if not rendered wholly worthless to him by the removal by the defendant, Allen, of the house and which, therefore, entitles him to the injunction prayed for by plaintiff in this cause. Marsalis v. Pitman, 68 Texas, 628.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for injunction brought by appellees, G. H. Hermann and the Houston Ice & Brewing Company as owner and lessee respectively of lot No. 1 in block 63 in the city of Houston to restrain appellant from removing a building from said lot.

The building was placed upon the lot by one Martin Labovich under an agreement with the owner Hermann that it was not to become a part of the realty. After the erection of the building Hermann and Labovich entered into a written contract by the terms of which Labovich leased the premises upon which the building was situated for a term of five years, beginning on the 5th day of May, 1903, for an agreed rental of $25 per month, payable monthly in advance. This contract recognized the ownership by Labovich of the building which had been previously constructed, and recites that he has the right to remove the building upon the expiration of the lease, "provided that he has paid all rent due by him, but unless all of the rent is paid he shall not have the right to remove said store building."

Some time after the execution of this lease Labovich with the consent of Hermann sold the building and all of his rights under the lease contract to one Keegans, who assumed the obligations of the lessee in said contract. Subsequent to this sale the building was damaged by fire and Keegans made a contract with appellant, who is a building contractor, to repair it. The cost of these repairs were not paid by Keegans, and appellant who had fixed a builder's lien upon the building brought suit in the Justice Court and obtained a judgment against Keegans for the amount due for said repairs and for foreclosure of the builder's lien. Under this judgment the building was sold and purchased by appellant and he was proceeding to remove it from the lot when this injunction was brought to restrain such removal.

The fire which injured the building in question also injured the dwell-

ing house of plaintiff Hermann, situated on an adjoining lot and appellant was also employed by Hermann to repair his dwelling house. Hermann knew before the building in question was repaired that appellant had contracted with Kegans to do the work and in a conversation at that time with appellant in regard to said repairs told him that the building belonged to Kegans, and that the latter leased the premises from him for $25 per month. He never informed appellant that he had a contract which prevented the removal of the house during the existence of the lease contract and until all rents that might accrue thereunder had been paid. This lease contract was never recorded and appellant had no notice of its terms or existence. At the time the building was repaired Kegans was not in arrears on his lease contract, all amounts then due thereunder having been paid by him. Subsequently he failed to pay his rent for several months. After Kegans had thus defaulted in the payment of the rent due Hermann he transferred his rights under the lease to the Houston Ice & Brewing Company, and that company is now in possession of the building and the lot on which it is situated as a tenant of Hermann. It is not shown that the money due Hermann by Kegans has ever been paid or that its payment was assumed by the brewing company. Appellant had perfected his lien on the building before its purchase by the brewing company and the latter at the time it bought from Kegans was charged with notice of appellant's rights.

Upon these facts the court below rendered a judgment enjoining appellant from removing the building until the termination of the lease contract. The learned trial judge based his judgment upon the legal conclusion that under the facts stated the landlord Hermann had a statutory lien upon the building to secure the performance of the lease contract, and that it was incumbent upon the appellant to inquire as to the rights of the landlord before doing the work on the building and having failed to make such inquiry his title acquired by his purchase under foreclosure of his builder's or mechanic's lien is subordinate to the right of the landlord to hold the building under the terms of the lease contract.

We think neither of these conclusions is sound. The only liens in favor of landlords given by our statutes are those created by articles 3235 and 3251. In the first of these articles the lien only applies "to animals, tools and other property furnished by the landlord to the tenant and to the crop raised on such rented premises." Under article 3251 it is provided that "all persons renting or leasing any residence, storehouse or other building shall have a preference lien upon all of the property of the tenant in such residence, storehouse or other building for the payment of rents due and that may become due." It is clear that neither of these articles give a lien upon any property of the tenant except such as has been furnished by the landlord, the crops raised by the tenant on the rented premises, and property of the tenant which has been placed in a building rented him by the landlord, and it is character described in either of said articles. (Rust v. Hendley, 15 equally clear that the property in question in this case is not of the S. W. Rep., 201; Meyer v. O'Dell, 18 Texas Civ. App., 210.)

The provision in the lease contract forbidding the removal of the building during the existence of the lease can not be regarded as creat-

ing a lien in favor of the landlord, and if so regarded it was never recorded and consequently was inoperative as a chattel mortgage against appellant who had no notice of its existence.

The uncontradicted evidence shows that Hermann told appellant before the latter made the contract with Kegans for the repairs that the building belonged to Kegans. But for this fact it may be conceded that appellant being charged with notice that the building was upon Hermann's land and therefore *prima facie* his property would have been required to inform himself of the rights of Kegans in the building before contracting with him in reference thereto. When, however, he was informed by Hermann that the building belonged to Kegans he was under no obligation to inquire of Hermann as to the terms of the contract under which the premises had been leased, but in order to protect himself the latter should have informed appellant that he had the right under the lease to hold the building to secure a compliance with the terms of the lease contract.

The building was never the property of Hermann, his only right therein being to forbid its removal from the premises until the owner had discharged the obligations of the lease contract, and when he knowingly permitted appellant to contract with the owner of the building without informing him of his right under the unrecorded lease contract he lost his right, as against appellant, to insist upon the terms of said contract.

We think under the undisputed evidence the appellant is entitled to the possession of the building and therefore the judgment of the court below is reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*

Writ of error refused.