### T. H. CHALKEY ET AL. v. SAMUEL L. COOPER ET AL.

Decided May 29, 1909.

**Trespass to Try Title—Equitable Lien—Subrogation—Pleading.**

A married man and his wife borrowed money upon their homestead lot and executed a deed of trust to secure the same; the money so borrowed was used to discharge a prior, and possibly a valid, mortgage lien on the lot; the purchaser at the foreclosure sale under the second deed of trust or mortgage brought a statutory action of trespass to try title against the owner and his wife to recover the lot; the defendant plead, among other matters, the homestead exemption; the plaintiff made no replication to said plea, but upon the trial contended that because the money borrowed from the second lienor was used to discharge the first lien he, as purchaser thereunder, should be subrogated to the rights of the first lienor. Held, the right of subrogation could not be asserted in such action without pleading the same.

Appeal from the District Court of Dallas County. Tried below before Hon. R. M. Scott, Special Judge.

*T. F. Lewis* and *W. P. Finley,* for appellants.

*Thompson & Thompson* and *Albert W. Webb,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title, brought by appellants to recover a certain lot of land in the city of Dallas. The defendant plead the general issue, not guilty, and homestead exemption. A peremptory instruction was given by the court for defendants and, upon such a verdict being returned, judgment was so entered.

The evidence shows that on or about April 1, 1889, Cooper and wife owned and occupied as their homestead a certain lot which they sold and invested a part of the proceeds in the lot here in controversy, lot 18, with the intention of making it their home. They, in a week or so afterwards, began the erection of a house on said lot, and before its completion moved into it and used it as a home. On April 8, 1889, Cooper borrowed from one Crutcher about $900, to secure which Cooper executed a deed in trust to Crutcher to said lot 18. At the date of said trust deed said lot 18 was vacant. On May 14, 1889, Cooper and wife executed to Henry Dickinson a deed in trust to said lot 18 to secure J. B. Watkins in the sum of $1,000. Of this money $910.45 was paid to Crutcher, and Crutcher at that time canceled and released his lien on said lot 18. At the time the Dickinson trust deed was executed Cooper and wife were occupying and using lot 18 as a home, and continued to so occupy and use it until the death of Cooper, and the wife has ever since so occupied and used it. The said lot was sold under the Dickinson trust deed, at which sale the appellant became the purchaser and is now claiming title thereunder.

The lien on the lot in favor of Crutcher having been released by him and the deed of trust to Dickinson having been executed at a time when said lot 18 was undoubtedly a homestead, appellees insist that by the execution of the deed of trust to Dickinson, Watkins was subrogated to the lien that had been created by the execution of the deed of trust to Crutcher, etc. Upon a decision of this contention depends the rights of the parties to this suit.

But under the pleadings, should we determine whether or not there was a subrogation? We think not. The petition of plaintiffs is in the form of a straight action of trespass to try title. The defendant plead, among other things, homestead exemption. The case went to trial on those pleas, the plaintiffs not pleading subrogation nor any other equity in bar of defendants' plea of homestead. In Crebbin v. Moseley, 74 S. W., 815, where the question of subrogation, as in this case was raised, in passing thereon Mr. Fisher, C. J., speaking for the court, says: "In disposing of the refusal of the court to submit to the jury the right of the appellant to be subrogated to a prior lien existing upon the property, by reason of the fact that it was discharged and paid off by a part of the proceeds of the $4,500 that was borrowed at the time that the deed of trust was executed, it is sufficient to say

that the issue of subrogation was not pleaded." Harris' Law of Sub., sec. 222. There being no plea of subrogation, plaintiffs are in no condition to avail themselves thereof in this case.

Complaint is made to the introduction of plaintiff's declarations while building the home on lot 18 and after the execution of the trust deed to Crutcher, to the effect that he was building it for a home. This contention does not present reversible error. If such declarations should be held to be error, which we do not, they become immaterial under the view we take of the case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.