MORRIS-MORTON DRUG CO. *v.* GLENWOOD DRUG CO.

Opinion delivered February 12, 1917.

1. BULK SALES LAW—CLAIMS OF CREDITORS.—Appellant purchased the entire stock of merchandise used in the business of one W., without complying with certain terms of the Bulk Sales Law; *held*, creditors of W. would not thereafter be estopped from proceeding against appellant, because they had been guilty of some delay in first attempting to make collections out of W.

2. BULK SALES LAW—LIABILITY OF PURCHASER.—The purchaser of a stock of goods who failed to comply with the terms of the bulk sales law, will be liable for costs incurred by creditors of his vendor in attempting, at his request, to collect their claims from the vendor; provided, the total aggregate of the debts is less than the value of the stock of goods purchased.

Appeal from Pike Chancery Court, *Jas. D. Shaver,* Chancellor; affirmed.

*McMillan & McMillan,* for appellants.

1. Defendant was not liable for double costs, much less for plaintiff's claims. If the Bulk Sales Law was not complied with, plaintiff had a right to go against the stock of goods sold for the amount due them, and if suit was necessary for the purpose to sue appellant and judgment for costs in such a suit would be proper, but certainly it was not liable for the costs in the suit against West to prove their claims.

2. There is no proof that West owed five of the plaintiffs anything.

3. Plaintiffs are estopped by their conduct, silence and negligence in not collecting their claims out of West when they had the opportunity. 35 Ark. 365, 377; 99 *Id.* 263; 2 Pom. Eq. Jur., §§ 802-4, p. 261-2; 96 W. S. 720; 33 Ark. 468. The contract provided that West was to pay all claims and plaintiffs were duly notified to proceed against him. They waited too long, until West became insolvent and are estopped.

*A. L. Barber* and *S. W. Rogers,* for appellees.

1. Defendant is liable for all costs. The claims were all reduced to judgment against West on the advice of appellant's attorney. 123 Ark. 285.

2.  The Bulk Sales Law was violated and appellant is liable for all claims.   123 Ark. 285; Acts 1913, Act No. 88, § 3; 181 Mich. 225, 629; 148 N. W. 256, 356.

3.  Plaintiffs are not estopped.   Pomeroy Eq. Jur., p. 262, § 803.   But defendant is.

4.  Appellant did not comply with Act 88, Acts 1913, and is liable.   179 S. W. 257; 123 Ark. 285.

McCulloch, C. J.   Appellant purchased a stock of drugs, on January 30, 1914, from J. T. West, who was engaged in business at Glenwood, Arkansas, and appellees, who were creditors of West, sue to recover the amount of their respective claims, asserting liability under Act 88 of the General Assembly of 1913, known as the Bulk Sales Law.   It is conceded that appellant failed to comply with the statute in question, in that it neglected to demand of the vendor a list of his creditors verified under oath, and the evidence adduced in the trial below establishes the respective claims of appellees. The principal contention on behalf of appellant against being held responsible for the debts of West is that each of the appellees was estopped by his conduct from asserting liability against appellant under the statute. It appears that West, immediately after the sale of the stock of goods to appellant, moved to Conway, Arkansas, and entered in the drug business at that place and was engaged in an apparently prosperous business for about a year.   Soon after the sale of the stock of goods by West to appellant occurred, claims began to come in and appellant advised the creditors of the fact that West was in business at Conway and requested, or at least suggested, that the claims be sent to attorneys at Conway for collection from West.   Appellant's attorney, with whom he advised, and who took charge of the matter, corresponded with the attorneys who now represent the appellees and who are practicing law at Conway, telling them that the claims against West would probably be sent to them and requesting them to proceed against West and endeavor to collect the claims by judgment and execution.   The claims were in fact

sent to those attorneys and the suits were instituted against West, but before anything was realized West suffered loss of his stock of merchandise by fire and certain creditors to whom he had become indebted for purchases made in connection with the business at Conway, brought suit and intercepted the collection of his insurance by writs of garnishment and West thus became insolvent.

(1) Now, the contention on behalf of appellant is that the attorneys for appellees did not prosecute their suits against West with proper diligence and that they are estopped by their conduct in failing to do so. We do not think there is evidence to justify the conclusion that appellees, through their attorneys, assumed the attitude of collecting the money from West in a way that was calculated to mislead appellant. The error of appellant's contention is in assuming that there was no primary liability on the part of appellant to the extent of the value of the stock of goods purchased and that such liability was dependent upon the failure of the creditors to recover the amount of their debts from West. The statute provides that any purchaser who fails to conform to the provisions of the law shall "become a receiver and be held accountable as such to creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment." A creditor is not required to proceed against the original debtor, but the statute makes the purchaser liable as receiver in the first instance. It was, therefore, only a matter of grace on the part of appellees that they first proceeded against West, and we think there was nothing in their conduct to justify the court in holding that they were estopped to thereafter assert liability against appellant.

(2) The next contention is that appellant is not responsible for the cost of obtaining judgment against West, but the case in that respect is in effect ruled against appellant by the case of *Stuart* v. *Elkhorn Bank & Trust Co.*, 123 Ark. 285. The costs in the several actions against West were incurred at appellant's

request and followed the liability of the principal and must be treated as the indebtedness of West within the statutory liability of the purchaser.

We are of the opinion that the court was correct in holding appellant liable for the amount of the debts due by West to appellees, the total aggregate of those debts being less than the value of the stock of good purchased.

Decree affirmed.