No. 25,196.

T. P. BURNS, *Appellant*, v. A. T. VANCE et al., *Appellees*.

No. 25,195.

H. J. HUTCHINSON, *Appellant*, v. A. T. VANCE et al., *Appellees*.

### SYLLABUS BY THE COURT.

BULK-SALES LAW—*Void Sale of Stock of Merchandise—Successive Vendees of the Goods Liable to Creditors of the Vendor for Value of Goods Which Came Into Their Possession.* Successive vendees who purchased a stock of goods in bulk with disregard of the bulk-sales law, and who have placed the goods beyond recovery, are liable, in turn, to an antecedent owner of the goods and creditor of their vendor, for the value of the goods which came into the possession, respectively, of each of them.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed July 5, 1924. Reversed.

*W. N. Bendure*, of Cimarron, and *L. E. Goodrich*, of Parsons, for the appellants.

*A. D. Neale*, of Chetopa, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: These cases involve the right of the original owner of a stock of merchandise to recover from successive purchasers who bought the stock without conforming to the requirements of the bulk-sales law. The plaintiffs appeal from orders sustaining demurrers to their petitions.

. T. P. Burns and H. J. Hutchinson were partners conducting a general-merchandise store at Bartlett, Kan., under the name of The Burns Supply Company. On January 15, 1920, they sold the stock of goods to A. T. Vance for $1,000 cash and notes aggregating the sum of $4,750. Fifteen of such notes were for $300 each and one for $250, payable, respectively, one at the end of each thirty days. After the sale to Vance the partnership was dissolved, each partner taking a portion of the notes. About February 15, 1920, the defendant Vance sold a portion of the stock of goods for $200. On March 1 following he sold the remainder of the stock to the defendant C. H. Tunget for $4,500. Vance furnished no verified list of creditors to Tunget, nor did Tunget notify the creditors of Vance of the sale as required by provisions of the bulk-sales law:

"The sale or disposal of any part or the whole of a stock of merchandise or

the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless the purchaser receives from the seller a list of names and addresses of the creditors of the seller, certified by the seller under oath to be a complete and accurate list of his creditors, and unless the purchaser shall at least seven days before taking possession of the property, or before paying therefor, notify in person or by registered mail every creditor whose name and address is stated in said list, or of whom he has knowledge of the proposed sale." (R. S. 58-101.)

In February, 1921, Tunget sold the then remaining stock of merchandise to W. F. Lugenbeal for $1,270. Neither Tunget nor Lugenbeal in anywise complied with the requirements of the quoted statute. The plaintiff sought to recover the balance due on the notes from Vance, or from Tunget and Lugenbeal the amounts, respectively, of the value of the stock of goods which came into their possession.

It is contended by the defendants that several causes of action were improperly joined; that if they are liable at all it is on separate obligations, and in different amounts, and not upon the same obligation upon which Vance is liable; that Tunget and Lugenbeal are not liable on the notes given by Vance; that the giving of the notes in question was one transaction, the sale by Vance to Tunget another and different transaction, and that the sale by Tunget to Lugenbeal was a third and different transaction; that Lugenbeal is in nowise interested in the controversy between plaintiffs and Vance, etc.

The general effect of the bulk-sales act was considered in *Burnett v. Trimmell,* 103 Kan. 130, 173 Pac. 6. It was there said:

"The sale having been made in bulk with entire disregard of the statute, the vendee in possession may be sued by a judgment creditor to subject the property to the payment of his claim, and such creditor is not restricted to the remedies of attachment, garnishment, or levy of execution." (Syl.)

In the opinion it was said:

"The statute provides that such sale shall be void as against the creditors of the seller unless the purchaser receives from the seller a list of names and addresses of the creditors certified as directed, and unless at least seven days before taking possession of the property or paying therefor the purchaser shall notify in person or by registered mail every creditor whose name is stated in the list, or of whom he has knowledge, of the proposed sale. Provision is made for giving a bond in lieu of such notice. A seller knowingly and willfully omitting the name of any creditor or his address or making any false or incomplete list, or any surety on any bond provided for who shall falsely verify the same, is punishable by confinement in the county jail not exceeding ninety days or by a fine not exceeding $500, or both. Corporations, associations, co-

partnerships and individuals are included, but sales by executors, administrators, guardians, receivers, trustees in bankruptcy, or any public officer under judicial process are excluded." (p. 131.)

It is contended by the defendants that the merchandise, having passed from their possession, they are not liable. In answer to this it may be said that where merchandise has been sold in bulk without regard to the requirements of the statute, the sale is void, and the purchaser is personally liable in the event that the goods themselves cannot be recovered.

The plaintiffs were creditors of Vance, and were therefore entitled to recover from Vance's vendee, Tunget, for the goods which came into his possession. It follows that if Tunget was liable to the plaintiff, the plaintiff was his creditor and could recover from his vendee, Lugenbeal. It is argued by the defendants that if the plaintiffs can proceed against them they will be able to recover approximately twice the amount of their original sale to Vance. No such result is contemplated. Vance is primarily liable to the plaintiffs for the amount of his indebtedness, which, if recovered from him, satisfies their claims. If recovery from Vance cannot be had, the plaintiffs are entitled to recover, in turn, from the successive purchasers up to the amount of goods that came into the possession of each of them, respectively, through the void sales.

The judgments are reversed and the causes remanded with directions to overrule the demurrers and proceed in accordance with the views herein expressed.