## H. O. WOOTEN GROCERY CO. v. COLEMAN et al.

### No. 3469.

Court of Civil Appeals of Texas. Amarillo.

Oct. 22, 1930.

Nordyke & Pardue, of Lubbock, for appellant.

Vickers & Campbell and Clyde F. Elkins, all of Lubbock, for appellees.

### JACKSON, J.

This suit was instituted by the plaintiff, H. O. Wooten Grocery Company, a corporation, against the defendants, Charles Ashley, Max M. Coleman, and Mrs. Johnnie Coleman, in the county court of Lubbock county, Tex.

Plaintiff alleged: That between August 15, 1929, and September 13, 1929, at the special instance and request of the defendant Charles Ashley, it sold and delivered to him certain goods, wares, and merchandise amounting to the sum of $242.35, and it attached to and made a part of its petition an itemized verified account of the merchandise sold. That the defendant Charles Ashley promised and agreed to pay therefor on or before the expiration of thirty days from the date of the purchase of the various items. That said sum is long since past due, and the defendant has failed and refused to pay the same or any part thereof. That about the 13th day of September, 1929, the defendant Charles Ashley sold and delivered his entire stock of groceries, merchandise, and fixtures to the defendants Max M. Colman and Johnnie Coleman. That said sale was made in violation of and without complying with the Bulk Sales Law, as provided in article 4001, R. C. S., and alleged the particulars in which the defendants failed to comply with said statute. That the defendants Max M. Coleman and Johnnie Coleman received said merchandise and became liable to the plaintiff as trustees or receivers for such merchandise or the value thereof, and that upon a final hearing Max M. Coleman and Johnnie Coleman be decreed trustees and receivers of such merchandise for the benefit of plaintiff. The plaintiff prays that it have judgment against Charles Ashley for its debt and interest thereon, and that it have judgment against Max M. Coleman and Johnnie Coleman decreeing them to be receivers of such merchandise and trustees thereof for the benefit of the plaintiff, and asks judgment against them for its debt.

Max M. Coleman and Johnnie Coleman answered by general demurrer and general denial.

The defendant Charles Ashley neither answered nor contested plaintiff's suit.

The case was tried to a jury, and, at the close of the evidence, the court directed a verdict against the defendant Charles Ashley for the sum of $242.35, and peremptorily instructed the jury to find against plaintiff and in favor of the defendants Max M. Coleman and Johnnie Coleman. The jury returned a verdict in compliance with the instructions of the court, and judgment was rendered accordingly, from which judgment in favor of Max M. Coleman and Johnnie Coleman the plaintiff prosecutes this appeal.

The appellant challenges as error the ac-

tion of the trial court in directing a verdict in behalf of the appellees Max M. Coleman and Johnnie Coleman because the proof discloses that the sale was made in violation of the Bulk Sales Law, by the provisions of which the appellees were liable as trustees for the merchandise sold and delivered to them by the defendant Charles Ashley.

The testimony is uncontroverted that the sale and transfer was made without a compliance with article 4001, R. C. S.; that appellant's account against the defendant Charles Ashley was a valid and subsisting debt at the time of the sale by said Ashley to the appellees; that the appellees had never paid the appellant any sum derived from the sale of the merchandise they obtained from Ashley. The value of the stock of goods transferred by Ashley to appellees is controverted, but the appellees admit that at least $58 of the stock that they received from Ashley came from appellant's store, and that the stock of goods invoiced $198; that appellant constitutes but one of several creditors of the defendant Ashley. Appellant had not been paid.

■■ The appellees are not personally responsible to appellant for its debt, but, as trustees, are responsible to the creditors of Ashley to the extent of the value of the goods they received from him. The fact that the defendant Ashley paid appellees $100 to be used in discharging his indebtedness and that appellant was paid $50 out of said sum does not relieve the appellees from liability to the creditors to the extent of the value of the goods they received by the sale in violation of the Bulk Sales Law.

■ The appellees contend that, under appellant's pleading, it was not entitled to any relief against them, but, as stated in Gardner v. Goodner Wholesale Gro. Co., 113 Tex. 423, 256 S. W. 911, 913: "While the petition is not as full and complete as it should be, yet we think it sufficient to authorize the court to consider Gardner as a receiver under the law, and to assume jurisdiction to adjudicate the matter between the plaintiff and Gardner, as well as such other creditors as may have had claims of a like character. * * * No presumption can be indulged to the effect that the trial court found there were no other creditors, or that Gardner received property of the value of plaintiff's demand for the reason that there were no proper allegations in the petition justifying such presumptions. In view of the failure of the trial court to adopt the proper procedure, which we think was contemplated by the provision of the law quoted above, it would seem that the ends of justice would be met by remanding the case; and if the parties care to proceed further, opportunity be given for a repleading of the case, that the court may proceed along the lines and in accordance with the rules above suggested."

In the case at bar, the testimony discloses that appellees did receive from defendant Ashley goods and merchandise, the value of which is controverted. The appellees are responsible to the creditors of Ashley to the extent of the value of the goods they purchased from him in violation of the Bulk Sales Law, and under proper pleadings the appellees can be required, as trustees, to apply the proceeds received from the sale of the merchandise to the payment of appellant and the other creditors.

The judgment is reversed, and the cause remanded.