## SECOND NAT. BANK OF HOUSTON et al.
### v. SETTEGAST et al.
#### No. 9743.

Court of Civil Appeals of Texas. Galveston.

June 23, 1932.

Rehearing Denied July 14, 1932.

Baker, Botts, Andrews & Wharton and Tom M. Davis, all of Houston, for appellants.

J. W. Lockett, of Houston, for appellees.

GRAVES, J.

On August 1st of 1930, W. H. H. Miller was conducting a book business—daily exposing his goods, wares, and merchandise for sale—at 416 Fannin street, city of Houston, in a building owned by the Settegast Realty Company, whom he then owed for past-due rent thereon at the rate of $250 per month, a total of $4,475, of which $1,500 had so accrued during the six months' period immediately preceding that date, the $2,975 balance having been due for a longer time; he also owed, among a number of other obligations to various creditors, Second National Bank of Houston an unsecured renewal note for $600 and accumulated charges, dated June 24th of 1930, for money it had loaned him several years before, and Gammel's Book Store, Incorporated, of Austin, Tex., an open account for $41.36, with interest, for merchandise sold him by it prior to August 1st of 1930, none of which was shown to have been still in his stock either at that date or at the

time of this trial. On the date first mentioned (August 1, 1930), for the stated consideration of a credit to him for and the complete cancellation of the $4,475 rent so due by him to the Settegast Realty Company, that being the sole consideration moving to him, Miller, by written bill of sale, transferred, assigned, and next day delivered to C. S. Settegast, as trustee for the realty company, his entire business so theretofore located and conducted, inclusive of his stock of merchandise, fixtures, good will, etc., and, pursuant to such contract, immediately on the next day the latter took possession of the property and premises thus granted it and began the exclusive use and appropriation thereof for its own benefit. On October 20th of 1930 thereafter, the bank—soon joined by Gammel's, Incorporated, and others as interveners—filed this suit against Miller, C. S. Settegast as such trustee, and Settegast Realty Company, declaring on their beforementioned debts contracted by Miller, attacking this August 1st transaction between them as a violation of the Texas Bulk Sales Law (R. S. article 4001), and in consequence making common cause in seeking judgment—(primarily against Miller on their respective debts, secondarily that the Settegasts be adjudged to have become mere receivers of the property they had thus acquired from him for the benefit of all his creditors other than themselves), and that the court accordingly take charge of and so administer the property, agreeably to the provisions of the Bulk Sales Law.

In answer, the Settegasts denied any violation of the statute invoked, asserted a substantial compliance therewith in the manner of having so purchased Miller's business in sole satisfaction of their unpaid rent claims of $4,475, declared that they had not only paid Miller no money but had kept a separate account of everything done in pursuance of the bill of sale, observing the spirit of the Bulk Sales Law in it all, which they stood ready to demonstrate under the court's orders, and that, with all due and fair consideration in the circumstances for Miller himself, as well as all his other creditors, they had in taking the bill of sale and the property thereunder, without fraud toward any one, merely acted within their privileges as being landlords of Miller, with prior rights over all his other creditors by virtue of their statutory and contract liens against him for such full amount of their rents, and prayed the court to so adjudicate.

Trial without a jury's aid, after a prior interlocutory decree, resulted in the court's finally, in material substance, determining—pursuant to a finding on the facts, not properly challenged in this court, that the bill of sale transaction did violate R. S. article 4001—

that the Settegasts had not therefore become unconditional owners of the property acquired thereunder but only receivers under that law, that the court has so treated them, and accordingly under its own authority had permitted them to administer it subsequent to its having come into their hands on August 2d of 1930; that, after deducting expenses of such operation and crediting all receipts therefrom, as well as the final sale price of the remaining assets in bulk, there was left the sum of $1,496.78, the whole of which, less $35.45 for court costs, should be retained by the Settegast Realty Company on account of the prior statutory lien it had over all others of Miller's creditors for the $1,500 of its rent that had accrued during the six months next preceding the date of the bill of sale; there being no balance left, and the total property having been with the court's approval so administered and disposed of, the bank, Gammel's, and the other creditors, were given personal recoveries on their claims against Miller but denied any against the Settegasts, whose purchase of his assets from Miller was confirmed as between them and him, with full cancellation of the $4,475 rent balance he owed them.

■ None of the creditors who appeared below have perfected an appeal, other than the bank and Gammel's, Incorporated, wherefore the judgment there became final as to them. State v. Heath (Tex. Civ. App.) 44 S.W.(2d) 398 [2], writ of error refused, Ætna Casualty & Surety Company v. Woodward (Tex. Com. App.) 41 S.W.(2d) 674.

As affects the attack presented by those two as appellants on this award in favor of the appellees, this court must start with this finding on the facts therein made, which has not on the appeal been challenged as being without sufficient support in the evidence: "The court further finds that said merchandise and fixtures were transferred in bulk and not in the ordinary course of trade on the 2nd day of August, 1930, as aforesaid, and prior to that time said C. S. Settegast demanded and at that time received from said W. H. H. Miller a written list of the names and addresses of his creditors, with the amount of the indebtedness owing to each of them, certified by said W. H. H. Miller under oath to be a full, accurate and complete list of his creditors and of his indebtedness, and said C. S. Settegast on the 2nd day of August, 1930, took possession of said merchandise and fixtures, and on the 4th day of August, 1930, notified by registered mail each creditor of said W. H. H. Miller whose name and address was stated in said list, and each creditor of whom the said C. S. Settegast had knowledge, and at that time gave notice of the sale and price and terms and conditions thereof, and the court finds that neither said C. S. Settegast nor Settegast

Realty Company paid any money to said W. H. H. Miller for the transfer of said merchandise and fixtures, and that the sole consideration therefor was the cancellation as between the parties of the aforesaid indebtedness of W. H. H. Miller to Settegast Realty Company, but the court holds that the facts hereinbefore recited and found are not a full compliance with the requirements of the bulk sales law, and therefore that, under the statute—R. S. article 4001—the said transfer from W. H. H. Miller to C. S. Settegast is void as to the creditors of said W. H. H. Miller, and that by said transaction the said C. S. Settegast became and is a receiver of said merchandise and fixtures, and is, as such, accountable therefor under the orders of this court according to the terms of this judgment and all such judgments and orders as may hereafter be rendered and entered in this cause."

■ The fact that the appellees had so purchased and taken over Miller's property in violation of the bulk sales statute being thus bindingly established, it follows as a matter of law, irrespective of whether or not there was any actual fraud, we conclude, that in consequence they became receivers thereof in the sense of "a trustee de son tort," holding both the corpus and entire proceeds of it in trust, at least primarily in preference over themselves for the benefit of the other creditors of Miller whose claims had arisen prior to that transaction, hence were not entitled, until after these had been first paid in full, either, first, to use any of the proceeds derived from the sale of the property in payment of any of the expenses—such as rents, court costs, and the like—entailed by such illegal acts on their own part; or, second, to a priority of the payment of any portion of their $4,475 rent claim over such other creditors. In support of the first of these conclusions we cite: Article 4001, R. S. Statutes of Texas of 1925; Nash Hardware Co. v. Morris, 105 Tex. 217, 146 S. W. 874; Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 119 S. W. 257, L. R. A. 1916B, 970; Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S. W. 911; Stuart v. Elk Horn Bank & Trust Co., 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918A, 268; Morris-Morton Drug Co. v. Glenwood Drug Co., 127 Ark. 296, 192 S. W. 224; Ledwidge v. Arkansas National Bank, 135 Ark. 420, 205 S. W. 808; Pardy's Smith on Receivers; Heldman Clothing Co. v. Oates, 135 Ark. 252, 204 S. W. 1142; Holloway Seed Co. v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516; Cornish v. Nance Motor Co. (Tex. Civ. App.) 13 S.W.(2d) 139; Dallas Coffin Co. v. Yeager (Tex. Civ. App.) 19 S.W. (2d) 156; Hobart Mfg. Co. v. Joyce & Mitchell (Tex. Civ. App.) 4 S.W.(2d) 185, 187; Hay v. Behrens Drug Co. (Tex. Civ. App.) 214 S. W.

940; Barcus v. Parlin-Orendorf Implement Co. (Tex. Civ. App.) 184 S. W. 640; Wooten Grocery Co. v. Coleman (Tex. Civ. App.) 32 S.W.(2d) 279; Peters Branch International Shoe Co. v. Gunn, 121 Miss. 679, 83 So. 742; Niklaus v. Lessenhop, 99 Neb. 803, 157 N. W. 1019; Watkins v. Angus, 241 Mich. 690, 217 N. W. 894; National City Bank v. Huey & Martin Drug Co., 113 S. C. 333, 102 S. E. 516; Raleigh Tire & Rubber Co. v. Morris, 181 N. C. 184, 106 S. E. 562; Henderson v. Mercantile Co., 48 Cal. App. 41, 191 P. 558; Gazett v. Iola Co-op. Mercantile Co., 164 Wis. 406, 160 N. W. 170; Burns v. Vance, 116 Kan. 470, 227 P. 528; Browning v. Spurrier, 245 Ill. App. 276; Hargreaves v. Tennis, 63 Neb. 356, 88 N. W. 486; Miller v. Myers, 300 Pa. 192, 150 A. 588; Musselman v. Grossman, 46 Idaho, 780, 271 P. 462; Annotation in 41 A. L. R. 1478; Birdwell v. Butler, 13 Tex. 338; Watkins v. Sedberry, 261 U. S. 571, 43 S. Ct. 411, 67 L. Ed. 802; Finnell v. Million, 99 Mo. App. 552, 74 S. W. 419; McWilliams v. Thomas (Tex. Civ. App.) 74 S. W. 596, 597; Cooper v. Friedman, 23 Tex. Civ. App. 585, 57 S. W. 581; Walton v. American Investment Company's Receiver, 140 Ky. 472, 131 S. W. 275; Farmers Bank v. Handly, 320 Mo. 754, 9 S.W.(2d) 880, 895; Tucker v. Hamlin, 60 Tex. 171; White v. Sterzing, 11 Tex. Civ. App. 553, 32 S. W. 909, writ of error refused; Lincoln v. Packard, 25 Tex. Civ. App. 22, 60 S. W. 682.

As upholding the second conclusion stated, these additional authorities are relied upon: R. S. article 4000, Texas Civil Statutes; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983; Henson v. Henson, 151 Tenn. 137, 268 S. W. 378, 37 A. L. R. 1131; George v. Williamson (Tex. Com. App.) 23 S.W.(2d) 675; Robinson v. Cleveland State Bank (Tex. Civ. App.) 282 S. W. 860; article 5238, Revised Civil Statutes of 1925; 26 Corpus Juris, 486; Leonard v. Burton (Tex. Civ. App.) 11 S.W. (2d) 668; Armijo v. Pettit, 32 N. M. 469, 259 P. 620, 61 A. L. R. 767; Allen v. Houston Ice & Brewing Co., 44 Tex. Civ. App. 125, 97 S. W. 1063; Beene v. National Liquor Co. (Tex. Civ. App.) 198 S. W. 596; Texas Bank & Trust Company v. Teich (Tex. Civ. App.) 283 S. W. 552; Linn County Bank v. Davis, 103 Kan. 672, 175 P. 972, 9 A. L. R. 468; Joyce v. Armourdale State Bank, 127 Kan. 539, 274 P. 200; John Church Co. v. Martinez (Tex. Civ. App.) 204 S. W. 486, 487; Trice v. American Trust & Savings Bank (Tex. Civ. App.) 259 S. W. 993; Smith-Calhoun Rubber Co. v. McGhee Rubber Co. (Tex. Civ. App.) 235 S. W. 321; Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S. W. 772; Midland Shoe Co. v. A. L. & K. Dry Goods Co. (Tex. Civ. App.) 3 S.W.(2d) 475; 27 Corpus Juris, 887; 12 R. C. L., 597; 5 A. L. R. 1517; Kell Milling Co. v. Wooten Grocery Co. (Tex. Civ. App.) 195 S. W. 342; Mayfield Company v. Harlan & Harlan (Tex. Civ. App.) 184 S. W. 313; Gallus v. Elmer, 193 Mass. 106, 78 N. E. 772, 8 Ann. Cas. 1067; Sampson v. Brandon Grocery Co., 127 Ga. 454, 56 S. E. 488, 9 Ann. Cas. 331; Porter v. Hart County Deposit Bank & Trust Company (Ky.) 96 S. W. 832; Crawford v. Broussard (C. C. A.) 260 F. 122, certiorari denied 251 U. S. 560, 40 S. Ct. 219, 64 L. Ed. 414; Farrar v. Lonsby Lumber & Coal Co., 149 Mich. 118, 112 N. W. 726; Emmons-Hawkins Hardware Co. v. Sizemore, 106 W. Va. 259, 145 S. E. 438; McMillen v. Nelson, 47 N. D. 284, 181 N. W. 618; Fuller v. O'Neil, 69 Tex. 349, 6 S. W. 181, 5 Am. St. Rep. 59; Wilkin v. Owens & Bros., 102 Tex. 197, 114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867; Strnad v. Strnad, 29 Tex. Civ. App. 124, 68 S. W. 69; Chalkey v. Cooper, 56 Tex. Civ. App. 251, 120 S. W. 273, writ of error denied.

█ If, however, it be error to hold the appellees not to have been entitled in virtue of being Miller's landlords to participate as secured or preference lien creditors at all in the proceeds of the property they so purchased from him in violation of the Bulk Sales Law, the judgment here would be in result the same anyway, under the first conclusion and the undisputed facts in the record, they not having followed the procedure required by R. S. article 5238 to fix a lien for rents that were more than six months due, any contract provision they may have had for a lien on such of Miller's goods as were daily exposed for sale being void as against appellants under R. S. article 4000, and the proof conclusively showing that, eliminating the expenses they were erroneously allowed subsequent to so acquiring the property, they had received more than enough returns to pay both these appellants' debts and the $1,500 of their own rent that had not been due longer than six months.

There does not seem to this court to have been evidence of probative force of any fraud in fact or purpose on the part of the appellees, rather merely an overweening desire, perhaps, in view of the expressed public policy of this state relating to such transactions in its cited statute, to first collect their own obligation—that was found to have been just and due—against their debtor.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; pursuant to them, the trial court's judgment has been reversed, and this court's judgment has been entered, decreeing recoveries against the appellees in favor of the two appellants in the respective sums of $695.10 to the bank and $42.49 to Gammel's, with 6 per cent. per annum interest on each from June 27th of 1931 until paid.

**Reversed and rendered.**